Harold J. Wirtz, Respondent, *v.* Peter Lobello, as Executor of George McCann, Deceased, Appellant.

Fourth Department, May 2, 1956.

417

*Gabriel M. Goldsmith* for respondent.

*William Ryan* for appellant.

*Per Curiam.*  Plaintiff brought this action against the estate of his former employer to recover the difference between the wages paid him and the amount to which he was entitled by virtue of certain minimum wage orders hereinafter mentioned. The defendant appeals from the judgment rendered in favor of the plaintiff in that action.

No question is raised as to the validity of the minimum wage orders.  The defendant-appellant's sole argument upon this appeal is that it was incumbent upon the plaintiff to plead and prove as a condition precedent to his right of recovery that his employer had received actual notice of the minimum wage orders promulgated by the Industrial Commissioner.  Appellant argues that sections 201 and 663 of the Labor Law require the Industrial Commissioner to serve notice of the minimum wage orders upon employers in an industry subject to such order.  Appellant also argues that liability imposed without proof of such service of notice results in depriving the employer of his property without due process.  We find no language in sections 201 or 663 of the Labor Law requiring the Industrial Commissioner to give actual or personal notice to employers affected by the orders.  Section 665 of the Labor Law under which this action is brought imposes no such condition precedent to the right to recover.

The subject of notice to those affected by orders, rules and regulations having the force of law, made by State departments, administrative agencies, etc., received attention at the 1938 New York State Constitutional Convention (see New York State Constitutional Convention, 1938, Revised Record, Vol. II, p. 941 *et seq*).  The convention adopted section 8 of article IV of the present State Constitution reading as follows:

" §8. [Departmental rules and regulations; filing; publication].

" No rule or regulation made by any state department, board, bureau, officer, authority or commission, except such as relates to the organization or internal management of a state department, board, bureau, authority or commission shall be effective until it is filed in the office of the department of state. The legislature shall provide for the speedy publication of such rules and regulations, by appropriate laws. Adopted by Constitutional Convention of 1938; approved by the people Nov. 8, 1938."

The Legislature has provided for publication of such rules and regulations in the " Official Compilation of Codes, Rules and Regulations of State of New York " (see Executive Law, § 102). We think that the minimum wage orders in question come within the purview of " rules and regulations " as those words are used in the Constitution and in the Executive Law. It is of interest to note that the requirement for filing and publication is somewhat similar to that provided for filing and publication of statutes (see N. Y. Const., art. VI, § 22; Legislative Law §§ 43, 44).

Minimum wage order No. 7 governing minimum wage standards in the retail trade industry was filed with the Department of State November 1, 1945, and published in volume 2 of the Official Cumulative Supplement to the Official Compilation of Codes, Rules and Regulations, on April 30, 1947 at page 31; minimum wage order No. 8 governing minimum wage standards in the amusement and recreation industry was filed with the Department of State March 9, 1951 and published in the Seventh Official Supplement to the Official Compilation of Codes, Rules and Regulations (1952) at page 444. Both minimum wage orders became effective 60 days from the date of the making thereof as provided in section 657 of the Labor Law. Article 19 of the Labor Law specifically provides for minimum wage orders as a means of effectuating the purpose of the statute. Everyone is presumed to know the Labor Law. The orders in question have the force and effect of law.

We reach the conclusion that proof of actual notice to the defendant was not a condition precedent to plaintiff's right of recovery; and that the judgment appealed from is not invalid for lack of due process.

The judgment appealed from should be affirmed.

All concur. Present — McCurn, P. J., Kimball, Wheeler, Williams and Bastow, JJ.

Judgment and order affirmed, without costs of this appeal to either party.