Transamerica Insurance Company, Appellant, v Lumber-men's Casualty Insurance Company, Respondent.

Third Department, October 9, 1980

## APPEARANCES OF COUNSEL

*Friedman, Maksail & Hirschen (Jeffrey N. Miller* of counsel), for appellant.

*Ainsworth, Sullivan, Tracy & Knauf (John E. Knauf* of counsel), for respondent.

## OPINION OF THE COURT

MAHONEY P. J.

Petitioner's insured, Anthony Lomonoco, was injured in a three-car accident on December 16, 1974 while he was in the course of his employment. Petitioner was both the no-fault insurance carrier and the workers' compensation carrier for Mr. Lomonoco. In its latter capacity, petitioner paid its insured's medical bills and lost wages in the sum of $41,567.06. Subsequent to Mr. Lomonoco's out-of-court settlement in the sum of $100,000 with the third-party tort-feasor, petitioner was reimbursed for the total amount advanced by its workers' compensation division (see *Matter of Granger v Urda,* 44 NY2d 91). Petitioner's insured then made application to his no-fault carrier (the no-fault division of petitioner) for reimbursement of the $41,567.06 as no-fault benefits. On October 6, 1978, Special Term ordered the no-fault division to pay Mr. Lomonoco the full amount (see *Grello v Daszykowski,* 44 NY2d 894).

In response to Special Term's order, petitioner's no-fault division paid its insured the full no-fault benefit and commenced an arbitration proceeding against respondent, the insurance carrier for the third-party tort-feasor, pursuant to subdivision 1 of section 674 of the Insurance Law and 11 NYCRR 65.10 effective for accidents occurring prior to December 1, 1977. Section 674 of the Insurance Law, implemented by the above-designated regulation, provides that any insurer liable for first-party benefits to a covered person shall have the right to recover the amount paid from the insurer of any other covered person to the extent such other covered person would have been liable to pay damages in an action at law. The arbitration panel denied petitioner's claim, stating "Failure to file within the statutory period". Special Term concurred in the panel's determination and dismissed the petition. This appeal ensued.

Unlike the situation where the parties agree to arbitration, thereby consenting to be bound by the arbitrator's deci-

sion unless such decision is " 'completely irrational' " *(Rochester City School Dist. v Rochester Teachers Assn.,* 41 NY2d 578, 582), we are here concerned with compulsory arbitration which broadens judicial review in order to insure that due process standards are met *(Caso v Coffey,* 41 NY2d 153, 156; *Mount St. Mary's Hosp. of Niagara Falls v Catherwood,* 26 NY2d 493, 508). Nevertheless, when the parties are compelled to proceed to arbitration, as here, by the no-fault law (Insurance Law, art 18), the scope of judicial review is limited to whether the arbitrator's finding is "supported by evidence or other basis in reason" *(Mount St. Mary's Hosp. of Niagara Falls v Catherwood, supra,* p 508). However, since "[a]s a general rule, whether a claim sought to be arbitrated is barred by the applicable Statute of Limitations presents a question for judicial determination" *(Matter of Home Mut. Ins. Co. [Government Employees Ins. Co.],* 67 AD2d 1049, 1050; accord *Matter of United Nations Dev. Corp. v Norkin Plumbing Co.,* 45 NY2d 358, 363), we are of the view that any limitation on our scope of review could not prevent this court from reviewing what we perceive to be an issue of law.

The dispositive legal issue is whether, as petitioner contends, the appropriate Statute of Limitations is six years pursuant to CPLR 213 (subd 2) or, as respondent maintains, three years in accordance with CPLR 214 (subd 5). The application of either of these limitations is wholly dependent upon whether the payment of no-fault benefits to a covered party is in the nature of subrogation or indemnification. If the former, then the application for arbitration must have been made within three years of the date of the accident. If petitioner's claim is considered to be for indemnification, then the statute would not begin to run until petitioner paid its insured.

■ We need not look beyond subdivision 1 of section 674 of the Insurance Law to discern the legislative intent that such payments are in the nature of subrogation. That section, in part, states that "Any insurer liable for the payment of first party benefits * * * shall have the right to recover the amount of such benefits * * * from the insurer of any other covered person if and to the extent that such other covered person would have been liable * * * to pay damages in an action at law." Clearly, petitioner may only assert the rights of its insured. To hold otherwise and perceive no-fault benefit payments as giving rise to a right of indemnification at the moment of payment would greatly enlarge the rights of the

insurer over those possessed by its insured. Further, this determination is consistent with the regulations which provide for speedy dispositions of claims (see, e.g., 11 NYCRR 65.10 [d] [2] [iv]; 65.10 [d] [4] [v] [viii]). It is evident that the system of intercompany arbitration has been designed to permit an insurer to commence arbitration long before its obligation to pay first-party no-fault benefits matures. Accordingly, petitioner's claim, which we determine to be in the nature of subrogation, was untimely filed.

The order should be affirmed, with costs.

SWEENEY, KANE, CASEY and HERLIHY, JJ., concur.

Order affirmed, with costs.