LAWRENCE J. BRUNNER, Respondent, v ALLSTATE INSUR-
ANCE COMPANY, Appellant.

Fourth Department, March 27, 1981

APPEARANCES OF COUNSEL

*O'Shea, Adamson, Reynolds & Napier (C. DeForest Cummings* of counsel), for appellant.

*LeBlanc, Panara & McCormack (Norman A. LeBlanc* of counsel), for respondent.

OPINION OF THE COURT

SIMONS, J.

Allstate Insurance Company appeals from an order and judgment of Special Term which denied its motion to vacate an arbitrator's decision, granted respondent Brunner's cross motion to confirm the award and awarded additional

attorney's fees. Allstate contends that the arbitrator "exceeded his power" or "imperfectly executed it" because he awarded interest and attorney's fees to respondent contrary to subdivision 1 of section 675 of the Insurance Law and the rules and regulations of the State Insurance Department (CPLR 7511, subd [b], par 1, cl [iii]). There is little question that the arbitrator made an error of law but Special Term found that there was a rational basis for his award and confirmed it. The parties agree that "rational basis" is the appropriate standard for reviewing an arbitrator's determination (see *Matter of Garcia v Federal Ins. Co.*, 46 NY2d 1040; *Mount St. Mary's Hosp. of Niagara Falls v Catherwood*, 26 NY2d 493; *Matter of Shand [Aetna Ins. Co.]*, 74 AD2d 442), but they disagree on whether Special Term properly applied it.

The dispute arises from these facts.

Respondent was seriously injured in an automobile accident occurring on September 25, 1977. Sometime later a claim was submitted to Allstate, his insurer, on his behalf and on November 21, 1977 Allstate denied the claim, asserting that respondent was disqualified from receiving first-party benefits because he was driving while intoxicated when the accident occurred (see Insurance Law, § 672, subd 2, par [b]).

On June 21, 1978 Allstate received respondent's hospital bill which totaled $36,500 and on August 1, 1978, no payment having been made, respondent demanded arbitration. On April 18, 1979 Allstate reversed its position. It paid the hospital bill in full and paid an additional sum of $5,679.96, representing interest on the overdue claim from August 1, 1978 to April 18, 1979, the date of payment. There then remained disputed questions of whether interest was due for any period before August 1, 1978 and whether respondent was entitled to attorney's fees. Those questions were submitted to the arbitrator. He agreed with respondent's claim that he was entitled to interest for the period commencing 30 days after Allstate's denial of his claim, i.e., from December 21, 1977. He awarded respondent $5,827.74 as additional interest on the medical charges and $10,530 for legal services, a sum which included payment for ser-

vices during the arbitration hearing. Special Term confirmed the award and ordered Allstate to pay yet another $1,500 for legal services for preserving the award.

The statute requires that insurers pay 2% interest per month on all overdue claims (see Insurance Law, § 675, subd 1) and the dispositive issue thus becomes the date when respondent's claim became overdue. Allstate contends that based on regulations in effect at the time of the accident, interest should be calculated only from the date arbitration was demanded, i.e., in this case August 1, 1978. On this appeal it relies upon 11 NYCRR 65.6 (as renum) which was effective February 1, 1974 and applies to accidents before December 1, 1977. The regulation provides in paragraph 3 of subdivision (g) that: "If an applicant does not request arbitration or institute a lawsuit within 30 days after the receipt of a denial of claim form, interest shall not accumulate on the disputed claim or element of claim until such action is taken." Since respondent did not demand arbitration until August 1, 1978, Allstate correctly contends that its obligation to pay interest arose then. It made the same argument to the arbitrator but in doing so counsel relied upon 11 NYCRR 65.15 (g) (3) which contains similar language but which, as the arbitrator noted, did not become effective until December 1, 1977, after respondent's accident. In rejecting Allstate's contention, the arbitrator stated: "The regulation cited by Allstate, 11 N.Y.C.R.R. 65.15 (g) (3), would certainly change the outcome of this arbitration were it applicable. However, the regulation had not been promulgated at the time of the incident and transaction under consideration and, when promulgated, envisioned prospective application only."

Manifestly, if the arbitrator had been aware of section 65.6 which applied to this accident, he would not have awarded respondent the $5,679.96 additional interest.

The question then is whether the failure of Allstate to submit the proper regulation to the arbitrator prevents it from challenging his determination in court. Special Term held that it was Allstate's responsibility to present the applicable regulation to the arbitrator noting that "[Allstate] was adequately represented by counsel upon arbitration and had full opportunity to present any evidence, docu-

ment, written matter, statute, rule or regulation which it believed pertinent and wished to have considered." Inasmuch as the arbitrator did not have the proper regulation before him, and believing that it was Allstate's burden to provide it, the court found "a rational basis", albeit a legally erroneous one, for the arbitrator's decision. The standard of review in a case of compulsory arbitration requires, however, that an arbitrator's determination be set aside if it disregards applicable law or is based on an error of law (see *Mount St. Mary's Hosp. of Niagara Falls v Catherwood*, 26 NY2d 493, 508, *supra; Transamerica Ins. Co. v Lumbermen's Cas. Ins. Co.*, 77 AD2d 5; *Karmilowicz v Allstate Ins. Co.*, 77 AD2d 131; cf. *Matter of Shand* [*Aetna Ins. Co.*], 74 AD2d 442, 452, *supra)*, and a valid regulation, promulgated under statutory authority, has the force and effect of law (see *Matter of Sipal Realty Corp.* [*Dankers*], 8 AD2d 355, 357; *Wirtz v Lobello*, 1 AD2d 416).

Counselor's error in citing the regulation to the arbitrator is irrelevant and does not foreclose judicial review of his decision any more than a similar failure to cite applicable sections of law to a trial court restricts us when reviewing its order. The interest payment here is purely a creature of statute and has no relationship to damage or loss suffered by a claimant. It is required as an inducement for the prompt payment of no-fault benefits. Since the award is solely a matter of statute and the decision of the arbitrator is based on an error in applying the statute, his decision must be set aside.

The disposition of the interest claim also requires reconsideration of the award of attorney's fees. Under the statute in effect at the time of the accident (Insurance Law, § 675, as added by L 1973, ch 13), respondent was entitled to attorney's fees only if a valid claim was overdue and unpaid before the attorney was retained. On April 18, 1979, however, Allstate paid all the first-party benefits that it was required to pay. Since the arbitrator erroneously found that there was an overdue claim and his award included fees for services rendered after April, 1979, the matter must be remitted to the arbitrator for a determination of legal fees only.

The order and judgment should be reversed, the arbitrator's determination vacated and the matter remitted to arbitration.

DILLON, P. J., HANCOCK, JR., DOERR and MOULE, JJ., concur.

Order and judgment unanimously reversed, without costs, appellant's motion granted, arbitrator's determination vacated, and matter remitted to arbitration.