**Ann BOOTH, Plaintiff,**

v.

**HARTFORD INSURANCE GROUP and Albert B. Lewis, Superintendent of Insurance of the State of New York, Defendants.**

**No. CV 81–1214.**

United States District Court, E. D. New York.

Jan. 26, 1982.

Darrin H. Berger, Huntington, N.Y., for plaintiff.

Devitt & Spellman, Smithtown, N.Y., for defendant Hartford Ins. Group.

Robert Abrams, Atty. Gen. of the State of New York by Aven Rennie, Deputy Asst. Atty. Gen., New York City, for defendant Lewis.

## MEMORANDUM AND ORDER

GEORGE C. PRATT, District Judge.

Plaintiff commenced this action seeking a declaratory judgment that N.Y. Ins. Law § 675.2 (McKinney's 1981) is unconstitutional in that it violates the Equal Protection Clause. Defendants move to dismiss the complaint, and plaintiff cross-moves for summary judgment. Counsel for all parties have submitted briefs and affidavits and appeared for oral argument on November 4, 1981. The court has examined the briefs and affidavits submitted by the parties and, pursuant to F.R.C.P. 12(b), treats defendants' motion as one for summary judgment.

The events culminating in the institution of suit in this court are not in dispute. The plaintiff slipped and fell in a pool of oil which had leaked from a disabled automobile insured by defendant Hartford Insurance Group (Hartford). Plaintiff submitted a claim to Hartford, which informed her that she was ineligible for no-fault benefits since her injuries were not the result of "the use or operation" of a motor vehicle, a prerequisite for recovery under N.Y. Ins. Law § 672.1(a).

Pursuant to N.Y. Ins. Law § 675.2, plaintiff presented to an arbitrator the sole question of whether plaintiff's injuries arose out of the use or operation of a motor vehicle. After a hearing, the arbitrator held that they did not. Plaintiff appealed to a master arbitrator who held that the arbitrator's award was not incorrect as a matter of law, and was not irrational or unsupported by evidence or other basis in reason. *See* Defendants' ex. 2. Plaintiff was entitled to seek judicial review of the master's award pursuant to CPLR § 7511. However, plaintiff chose instead to commence the instant litigation in this court.

Section 675 of the Insurance Law provides in part:

> The decision of an arbitrator shall be binding except where vacated or modified by a master arbitrator. The decision of the master arbitrator shall be binding except for the grounds for review set forth in article seventy-five of the civil practice law and rules, and provided further that *where the amount of such master arbitrator's award is $5,000 or greater*, exclusive of interest and attorney's fees, *the insurer or the claimant may institute an action in a court of competent jurisdiction to adjudicate the dispute de novo.* N.Y. Ins. Law § 675.2 (emphasis supplied).

Plaintiff claims that § 675.2 denies plaintiff equal protection of the laws because it denies plaintiff the opportunity to institute a post-arbitration *de novo* action in court, while it permits an insurance company to do so if the amount of a master arbitrator's award is $5,000 or more. Defendants argue several grounds for dismissal: (1) that no substantial federal question is presented; (2) that New York law is unsettled as to the scope of review offered under CPLR § 7511, and that, therefore, the federal court should abstain; and (3) that the law at issue does not deprive plaintiff of equal protection.

■ A careful examination of plaintiff's complaint, moving papers, and supplemental briefs and affidavits indicates that no substantial federal question is presented.

While the court does not agree with defendants' contention that plaintiff's claim is frivolous, it does find that it is without merit in that any difference in treatment under the statute does not sink to the level of a constitutional violation. Plaintiff argues that the denial of equal protection stems from the fact that plaintiff can seek only limited review of an arbitrator's decision under CPLR § 7511, while the insurer would have had the right to institute a *de novo* action in court if plaintiff had won her case in arbitration. However, this argument ignores the fact that under the statute plaintiff had the initial choice of litigation or arbitration, a choice the insurance company did not have. The standard of review under § 7511 is immaterial. *Compare Paul v. Insurance Company of North America*, 438 N.Y.S.2d 348, 81 A.D.2d 671 (2d Dep't 1981); *Faro v. Transamerica Insurance Company*, 432 N.Y.S.2d 203, 78 A.D.2d 538 (2d Dep't 1980); *Shand v. Aetna Insurance Company*, 428 N.Y.S.2d 462, 74 A.D.2d 442 (2d Dep't 1980) (arbitrator's decision should not be overturned if supported by any rational basis or reasonable hypothesis) *with Brunner v. Allstate Insurance Company*, 437 N.Y.S.2d 199, 79 A.D.2d 491 (4th Dep't 1981); *Transamerica Insurance Company v. Lumbermen's Casualty Insurance Company*, 432 N.Y.S.2d 269, 77 A.D.2d 5 (3d Dep't 1980); *Karmilowicz v. Allstate Insurance Company*, 432 N.Y.S.2d 698, 77 A.D.2d 131 (1st Dep't 1980) (arbitrator's decision in a § 675.2 proceeding may be overturned for errors of law). Any difference in treatment here is *de minimis*. By choosing arbitration, plaintiff received an expedited hearing on her claim in lieu of the delays frequently attendant upon litigation. With the benefits of arbitration come the limited review provisions. A claimant is given the initial choice of forum under the statute and as a *quid pro quo* must accept the fact that the insurance company may get *de novo* review in court if the arbitrator's award exceeds $5,000.

■ There must be a substantial federal question for the federal court to have subject matter jurisdiction. *Hagans v. Lavine*,

415 U.S. 528, 536–38, 94 S.Ct. 1372, 1379–80, 39 L.Ed.2d 577 (1974); *Goosby v. Osser*, 409 U.S. 512, 518, 93 S.Ct. 854, 858, 35 L.Ed.2d 36 (1973). Although plaintiff alleges a deprivation of constitutional rights, in actuality any difference in treatment under the statute is so slight as to be *de minimis*. Where a claim is "obviously without merit", it is insubstantial for jurisdictional purposes. *Hagans, supra*, 415 U.S. at 537, 94 S.Ct. at 1379.

Plaintiff's cross-motion for summary judgment is denied. Defendants' motion to dismiss is treated as a motion for summary judgment and defendants are granted summary judgment dismissing the complaint. The clerk shall enter judgment accordingly.

SO ORDERED.