Connie Fern Miller, Esq. Village Attorney, Watkins Glen
I am writing in response to your request for an opinion as to a potential conflict between a regulation of the Village of Watkins Glen prohibiting the discharge of firearms within the village and a regulation of the State Department of Environmental Conservation allowing hunting on the Queen Catherine Marsh, part of which lies within the boundaries of the village.
According to the materials submitted with your request, the Department of Environmental Conservation (DEC) has acquired most of the wetlands known as the Queen Catherine Marsh, and made the Marsh a Wildlife Management Area. DEC regulations authorize hunting, trapping and fishing on all Wildlife Management Areas, unless otherwise posted (6 NYCRR § 51.1). Part of the Marsh, however, lies within the Village of Watkins Glen limits. By its own regulation, the village has prohibited the discharge of firearms* within the village limits, apparently in direct conflict with the DEC regulation.
In a 1976 opinion, we addressed the question of whether a village could prohibit the possession of firearms within the village limits. The village regulation under consideration made exceptions for the possession of weapons necessary to the discharge of an official duty or self-defense, by a property owner on his property, and by those authorized by a property owner. We concluded that "a village, under the police power granted to it for the promotion of the health, comfort, safety and welfare of society may, by a fair, just and reasonable statute, prohibit the discharge of firearms within the village or within densely populated areas thereof" (1976 Op Atty Gen [Inf] 326). The source of authority for such regulations is section 10(1)(ii)(a)(12) of the Municipal Home Rule Law which authorizes the exercise of local police power through the adoption of local laws, consistent with the Constitution and general State laws. A general law is defined as a "state statute which in terms and in effect applies alike to all counties, all counties other than those wholly included within a city, all cities, all towns or all villages" (Municipal Home Rule Law, § 2[5]).
In our opinion, the village's regulation is inconsistent with 6 NYCRR § 51.1 which allows hunting on all Wildlife Management Areas, including the Queen Catherine Marsh. Thus, because all Wildlife Management Areas throughout the State are treated similarly, this regulation has general effect throughout the State. Rules adopted by an administration agency within the boundaries of a delegation by the Legislature have the force and effect of law (Brunner v Allstate Ins.Co., 79 A.D.2d 491, 494 [4th Dept, 1981]; Op Atty Gen No. 84-F4). Inasmuch as the Commissioner of Environmental Conservation has been delegated the power to adopt regulations to carry out the purposes and provisions of the Environmental Conservation Law (Environmental Conservation Law, § 3-0301[2][a]), 6 NYCRR § 51.1 has the effect of a general law. Accordingly, because the Watkins Glen regulation prohibits what the DEC regulations allow, it is inconsistent with the regulations, and therefore invalid (Wholesale Laundry Board v City of NewYork, 17 A.D.2d 327 [1st Dept, 1962], affd 12 N.Y.2d 998 [1963]).
The DEC regulations allow for posting of Wildlife Management Areas so as to prohibit hunting. The village may consider petitioning DEC to have the portions of the marsh in the vicinity of the village posted in order to avoid the discharge of weapons near population centers.
We conclude that a village regulation banning the discharge of firearms in a Wildlife Management Area subject to state regulation is invalid.
* Although § 265.00 of the Penal Law defines a firearm as any "firearm of a size which may be concealed upon the person", the village regulation uses firearm in its broader sense, to prohibit the discharge of guns of all types.