OPINION OF THE COURT
Thomas P. Flaherty, J.
In this contract action seeking payment of first-party no- *135 fault benefits the defendant insurer moves for a trial preference in the interests of justice (CPLR 3403 [a] [3]) and an order directing that interest on any potential award accrue as of the commencement of this action and be limited to a period of 90 days thereafter.
Asserting the plaintiff was intoxicated at the time of this March 13, 1980 accident, defendant denied plaintiffs claim for first-party benefits (Insurance Law § 5103 [b] [2]). Plaintiff was charged with driving while intoxicated in violation of the Vehicle and Traffic Law, which charge was dismissed on January 5, 1983 after a criminal trial. Rather than submitting the disputed claim to an expedited arbitration proceeding (Insurance Law § 5106 [b]; 11 NYCRR 65.16 [c] [3]), plaintiff opted to commence the instant plenary action on February 23, 1983.
Under Insurance Law § 5106 (a) first-party benefits shall be paid as the loss is incurred and such benefits are overdue if not paid within 30 days after a claim is filed, with all overdue payments bearing interest at the rate of 2% per month. Seeking a determination that such interest does not begin to accumulate until the date plaintiff commenced this action, defendant cites 11 NYCRR 65.15 (g) (3) which governs the date from which interest is to be calculated. Under this regulation, an applicant, such as the plaintiff herein, who forgoes the option to arbitrate and does not institute a lawsuit within 30 days after denial of a claim finds her interest limited in that it "shall not accumulate on the disputed claim * * * until such action is taken.”
Nevertheless, plaintiff contends that the operative date should be the denial of her claim, arguing that she could not commence a civil action until resolution of the criminal charges as a conviction thereon would work a collateral estoppel on the issue of intoxication. Parenthetically, the court can appreciate a claimant’s reluctance to commence a civil action, involving pretrial depositions and trial testimony of the claimant, while criminal charges are pending.
Notwithstanding the merits of the plaintiffs decision to delay the commencement of the civil action until the completion of the criminal trial, 11 NYCRR 65.15 (g) (3) clearly and unambiguously provides the date upon which interest begins to accumulate (Brunner v Allstate Ins. Co., 79 AD2d 491, 493, appeal dismissed 54 NY2d 641; Massapequa Gen. Hosp. v Travelers Ins. Co., 104 AD2d 638, 640). This regulation does *136 not provide the court or an arbitrator with any discretion to deviate from such date, regardless of the proffered reason for the delay in commencing arbitration or court action. Plaintiff’s entitlement to interest is a creature of statute and specifically limited by the regulations which have the full force and effect of law (Brunner, supra).
The second branch of defendant’s motion relating to interest involves 11 NYCRR 65.15 (g) (4) providing that "[i]f an applicant has submitted a dispute to arbitration or the courts, interest shall accumulate, unless the applicant unreasonably delays the arbitration or court proceeding.” Asserting plaintiff has unreasonably delayed the trial of this action, defendant seeks a determination limiting to a 90-day period the interest to be added in the event the plaintiff prevails on her claim. The suggestion of a 90-day limitation is predicated upon guidelines of the American Arbitration Association calling for processing of arbitration matters in such time.
The court declines to adopt any fixed period for limitation of interest as the regulation (supra) does not address itself to any period of time. Rather, it states that interest shall accumulate unless the applicant unreasonably delays court proceedings, presenting an all or nothing proposition. In the event the defendant is able to substantiate its claim that the plaintiff has unreasonably delayed the progress of this case there would be no interest awarded.
The motion to limit interest is denied, without prejudice to renewal upon disposition of this action. In the event plaintiff is successful in obtaining an award, the court will entertain any application defendant may have relative to interest. Upon such application the court will conduct a hearing to determine whether or not plaintiff delayed the prosecution of this action, and, if so, whether or not such delay was unreasonable.