■ In the Matter of the Arbitration between NEW HAMPSHIRE INSURANCE COMPANY, Appellant, and UTILITIES MUTUAL INSURANCE COMPANY, Respondent. (And Another Related Proceeding.)—Harvey, J. Appeal (1) from an order of the Supreme Court at Special Term (Cobb, J.), entered January 27, 1986 in Albany County, which, inter alia, denied petitioner's application pursuant to CPLR 7511 to vacate an arbitration award, and confirmed the award, and (2) from the judgment entered thereon.

Carl Cunniff was injured in the course of his employment for Niagara Mohawk Power Corporation when a truck ran into the building where he was working, causing an explosion. Cunniff received $11,924.51 in workers' compensation benefits from respondent, his employer's compensation carrier. Since Cunniff suffered a "serious injury" (Insurance Law § 5102 [d]) and was a "covered person" (Insurance Law § 5102 [j]), he commenced a personal injury suit in Federal court against the truck's owner, lessee and operator. This suit was subsequently settled for $161,924.51.

Erroneously believing that respondent had a lien on this settlement by reason of the fact that it had paid workers' compensation benefits to him, Cunniff paid $7,949.67 to respondent (representing $11,924.51 in compensation benefits less a one-third counsel fee). Respondent then initiated compulsory arbitration against the insurers of the truck's owner, lessee and operator (see, Insurance Law § 5105 [b]). Respon-

dent sought $3,974.84 for itself and $7,949.67 to reimburse Cunniff for the amount he paid to satisfy the purported lien. The arbitration panel ruled that respondent was entitled to recover $11,924.51 from petitioner, the lessee's insurer.

Petitioner then commenced this proceeding to vacate the arbitration award. Special Term dismissed the petition and confirmed the award to respondent.* This appeal by petitioner ensued.

Petitioner contends that the arbitrators' decision was irrational. In support of this contention, petitioner argues that respondent did not suffer a loss and therefore did not have standing to compel arbitration. We cannot agree. Respondent paid workers' compensation benefits to Cunniff, who was entitled to first-party no-fault benefits. Respondent was thus subrogated to Cunniff's right to recover first-party benefits from the no-fault carrier (see, Workers' Compensation Law § 29 [1-a]; *Transamerica Ins. Co. v Lumbermen's Cas. Ins. Co.,* 77 AD2d 5, 7, *lv denied* 53 NY2d 602). Hence, respondent had a right to use intercompany loss-transfer arbitration to recover from the liability carriers of the negligent parties benefits it had paid to Cunniff (see, Workers' Compensation Law § 29 [1-a]; Insurance Law § 1505).

Petitioner claims, however, that respondent has not suffered any loss since it was paid by Cunniff. Respondent conceded, both in the record and at oral argument, that Cunniff had an absolute right of reimbursement of money he had mistakenly paid to respondent. The mistake was based on a failure to realize that the Workers' Compensation Law had been amended in 1978 (see, L 1978, ch 572, §§ 2, 4) to provide that a compensation carrier could no longer assert a lien against a third-party recovery on a motor vehicle claim if that lien represented compensation benefits which were the equivalent of no-fault benefits (see, *Matter of Fellner v Country Wide Ins.,* 95 AD2d 106, 108). Since respondent must repay any moneys mistakenly paid by Cunniff, that mistaken payment does not bar respondent from obtaining a loss-transfer arbitration award against petitioner.

Petitioner's contention that the arbitrators failed to articulate a sufficient basis for their decision is unpersuasive. The decision was in compliance with the pertinent regulations (see, 11 NYCRR 65.10 [d] [4]) and petitioner has failed to indicate

---

* Respondent, along with Cunniff's employer, Niagara Mohawk, also commenced a related proceeding against petitioner, among others, to confirm the arbitration award.

any way in which the arbitrators' decision precluded meaningful judicial review of the aspects of the proceeding relevant to this appeal. Petitioner's argument that respondent received a "double recovery" is not supported by the facts and is thus rejected.

Order and judgment affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Harvey, JJ., concur.