■ NEW YORK NEWS, INC., Appellant, v STATE INSURANCE FUND, Respondent.—In a proceeding pursuant to CPLR article 75 to permanently stay a loss-transfer arbitration instituted by the respondent pursuant to Insurance Law § 5105, the petitioner appeals from a judgment of the Supreme Court, Queens County (LeVine, J.), dated December 6, 1988, which denied the application and dismissed the petition.

Ordered that the judgment is affirmed, with costs.

We agree with the Supreme Court that the respondent workers' compensation carrier which paid benefits to its insured's employee was entitled to seek reimbursement from the petitioner, the self-insured owner of the truck which struck the employee, through intercompany loss-transfer arbitration as provided by Insurance Law § 5105 *(see, Matter of New Hampshire Ins. Co. [Utilities Mut. Ins. Co.],* 130 AD2d 927). We find no merit in the petitioner's contention that Workers' Compensation Law § 29 (1-a) or the offset provisions of Insurance Law § 5102 (b) negates the respondent's right to recovery under Insurance Law § 5105. While the offset provision makes the payment of first-party benefits the primary responsibility of the workers' compensation carrier, it does not create an alignment of interest between the parties so as to preclude the respondent from seeking reimbursement from the petitioner *(see, Doherty v Barco Auto Leasing Co.,* 144 AD2d 424; *Fox v Atlantic Mut. Ins. Co.,* 132 AD2d 17). In view of this and because the petitioner has raised no viable defenses to the arbitration, its petition seeking a permanent stay was properly denied. Mangano, J. P., Bracken, Sullivan and Balletta, JJ., concur.