■ A.I. TRANSPORT, Appellant, v NEW YORK STATE INSURANCE FUND, Respondent. [753 NYS2d 466] —Order, Supreme Court, New York County (Paula Omansky, J.), entered July 13, 2001, which denied petitioner liability insurer's application to stay an arbitration demanded by respondent workers' compensation insurer to recover benefits respondent paid to a passenger injured on a bus insured by petitioner, and dismissed the petition, unanimously affirmed, without costs.

We construe Insurance Law § 5105 (a) to provide that where one of the vehicles involved in an accident is a bus, then any insurer liable to a bus passenger for payment of no-fault first party benefits—including a workers' compensation provider, such as respondent, "paying benefits in lieu of first party benefits"—can recover the amounts it paid to the passenger from the insurer of a liable party (*see New York News v State Ins. Fund*, 157 AD2d 651; *Matter of New Hampshire Ins. Co. [Utilities Mut. Ins. Co.]*, 130 AD2d 927); except where the loss arises "out of the use or operation in this state of such motor vehicle" (Insurance Law § 5103 [a] [1]; *see also* Insurance Law § 5105 [a]). Accordingly, the motion court correctly held that because respondent is a workers' compensation insurer, not an automobile insurer, this exception does not apply, and the arbitration can proceed. *Matter of State Farm Mut. Auto. Ins. Co. v Aetna Cas. & Sur. Co.* (132 AD2d 930, 931, *affd* 71 NY2d 1013), relied on by petitioner, stayed the loss transfer arbitra-

tion demanded therein by the workers' compensation insurer on the ground that the commercial van involved in the accident was not a vehicle for hire within the meaning of section 5105 (a), "such as taxis and buses, and livery vehicles hired to transport property," and the case therefore appears to be inapt. Concur—Andrias, J.P., Rosenberger, Marlow and Gonzalez, JJ.