**Matter of New York City Tr. Auth. v Charter Oak Fire Ins. Co.**

2023 NY Slip Op 34547(U)

December 28, 2023

Supreme Court, New York County

Docket Number: Index No. 451381/2023

Judge: John J. Kelley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. JOHN J. KELLEY**                          **PART**                          **56M**

*Justice*

----------------------------------------------------------------------------X

In the Matter of

NEW YORK CITY TRANSIT AUTHORITY,

                          Petitioner,

                  - v -

CHARTER OAK FIRE INSURANCE COMPANY,

                       Respondent.

----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 451381/2023 |
| **MOTION DATE** | 11/08/2023 |
| **MOTION SEQ. NO.** | 001 |

**AMENDED DECISION, ORDER,
AND JUDGMENT**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14

were read on this motion to/for                          VACATE ARBITRATION AWARD                          .

**The court's prior decision, order, and judgment dated December 22, 2023, is recalled and vacated, upon the court's own motion, in order to correct errors in the initial identification of the respondent, and the following decision, order, and judgment is substituted therefor:**

New York City Transit Authority (NYCTA) petitions pursuant to CPLR 7511(b)(1)(iii) to vacate an arbitration award dated March 16, 2023 that had been rendered by an arbitrator acting under the auspices of Arbitration Forums, Inc. (AFI), and pursuant to CPLR 7514 to direct the entry of judgment thereon.  The respondent, Charter Oak Fire Insurance Company (Charter Oak), does not oppose the petition.  The petition nonetheless is denied, the award rendered under AFI Docket No. I068-03102-19-00 is thereupon confirmed, Charter Oak is entitled to enter a money judgment against NYCTA in the principal sum of $18,458.16, plus statutory interest from March 16, 2023, and the proceeding is dismissed.

NYCTA was the owner and self-insurer of a van that it operated in the course of providing intracity mass transit services to the public, although it is unclear from the parties' submissions whether the van was transporting passengers for hire at the time of the accident that is the subject of this proceeding.  Charter Oak was the insurer of a truck owned and

**451381/2023   NEW YORK CITY TRANSIT AUTHORITY vs. CHARTER OAK FIRE INSURANCE COMPANY
Motion No.  001**

**Page 1 of 5**

1 of 5

[* 1]

operated by Bagels By Bell, Ltd. (BBB), a bagel bakery.  On December 29, 2016, NYCTA driver Anthony D. Iverson was traveling eastbound on Canal Street in Manhattan, attempting to make a left turn from Canal Street onto Centre Street.  BBB truck driver Joseph Figueroa was traveling westbound on Canal Street.  Figueroa asserted that he was fully stopped at the intersection of Canal Street and Centre Street, when the oncoming NYCTA van struck his truck as the van attempted to turn left.  Iverson, conversely, asserted that he was stopped in the left turn lane of Canal Street, waiting to make a left turn, when the BBB truck sideswiped his vehicle.  Figueroa, alleging that he was injured, made claim upon Charter Oak for workers' compensation benefits in lieu of first-party no-fault benefits (*see A.I. Transp. v New York State Ins. Fund*, 301 AD2d 380, 380 [1st Dept 2003]; *Arvatz v Empire Mut. Ins. Co.,* 171 AD2d 262, 268 [1st Dept 1991]; Insurance Law §§ 5102 [a], [b]; 5103 [a]; Workers' Compensation Law § 2[3]).  As relevant to the medical and healthcare services that are the subject of this proceeding, Charter Oak paid benefits totaling $18,458.16 either to Figueroa or on his behalf.

Inasmuch as the vehicle insured by Charter Oak was a "motor vehicle weighing more than six thousand five hundred pounds unloaded" (*id.*), Charter Oak was entitled to seek a personal injury protection (PIP) or Workers' Compensation "loss transfer" from NYCTA to reimburse it for the first-party benefits that it had paid out to Figueroa or had paid out on his behalf (*see A.I. Transp. v New York State Ins. Fund*, 301 AD2d at 380).  To obtain this loss transfer, Charter Oak was required to establish that Iverson was at fault in the happening of the accident.  Insurance Law § 5105(b) provides that, where an insurer seeks to recover first-party benefits/PIP or Workers' Compensation loss transfer from the "insurer of any other covered person" on the ground that the other covered person was at fault in the happening of the accident, "[t]he sole remedy  . . .shall be the submission of the controversy to mandatory arbitration pursuant to procedures promulgated or approved by the superintendent" of the New York State Department of Financial Services.  Pursuant to those regulations, AFI has been

**451381/2023   NEW YORK CITY TRANSIT AUTHORITY vs. CHARTER OAK FIRE INSURANCE COMPANY**
**Motion No.  001**

**Page 2 of 5**

2 of 5

[* 2]

designated as the exclusive forum for resolution of no-fault related arbitration matters (*see* 11 NYCRR 65.10). Charter Oak thus demanded inter-insurer arbitration with NYCTA before AFI.

In a March 16, 2023 award, an arbitrator acting under the auspices of AFI found in favor of Charter Oak, concluded that Iverson and, hence, NYCTA, was at 100% at fault in the happening of the subject accident, and determined that NYCTA was obligated to pay Charter Oak the sum of $18,458.16. Specifically, after reviewing both the relevant police accident report, NYCTA accident reports, and a transcript of Figueroa's deposition testimony that had been taken in connection with an action entitled *Figueroa v New York City Tr. Auth.* (Supreme Court, New York County, Index No. 158930/2017), she found that, "[b]ased on the police report both drivers say the point of impact was driver side rear. The scene diagram shows [Figueroa] further through the intersection and [Iverson] had an obligation to ensure there was enough room to pass [Figueroa's] vehicle." This proceeding ensued.

The grounds specified in CPLR 7511 for vacatur of an arbitration award are exclusive (*see Bernstein Family Ltd. Partnership v Sovereign Partners, L.P.*, 66 AD3d 1, 8 [1st Dept 2009]), and it is a "well-established rule that an arbitrator's rulings, unlike a trial court's, are largely unreviewable" (*Matter of Falzone v New York Cent. Mut. Fire Ins. Co.*, 15 NY3d 530, 534 [2013]). An arbitration award may be vacated pursuant to CPLR 7511(b)(1)(iii) where an arbitrator exceeded his or her power, including where the award violates strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power (*see Matter of Isernio v Blue Star Jets, LLC*, 140 AD3d 480 [1st Dept 2016]). Where, as here, arbitration is compulsory (*see* Insurance Law § 5105), closer judicial scrutiny of the arbitrator's determination is required under CPLR 7511(b) than that applicable to consensual arbitrations (*see Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 214, 223 [1996]; *Matter of Furstenberg [Aetna Cas. & Sur. Co.–Allstate Ins. Co.]*, 49 NY2d 757, 758 [1980]; *Mount St. Mary's Hosp. v Catherwood*, 26 NY2d 493, 508-509 [1970]). To be upheld, an award in a compulsory arbitration proceeding must have evidentiary support and cannot be arbitrary

**451381/2023   NEW YORK CITY TRANSIT AUTHORITY vs. CHARTER OAK FIRE INSURANCE COMPANY**
**Motion No.  001**

**Page 3 of 5**

[* 3]

and capricious (*see Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d at 223; *Matter of Furstenberg [Aetna Cas. & Sur. Co.–Allstate Ins. Co.]*, 49 NY2d at 758).

NYCTA essentially argues that the arbitrator relied only upon a hearsay police accident report in determining that Iverson was at fault in the happening of the accident. While a police accident report's description of how a vehicular accident occurred constitutes hearsay where the police officer did not independently witness the accident (*see Laguerre-Fuentes v Acevedo*, 162 AD3d 613, 613 [1st Dept 2018]), an officer's description of the "position of the vehicles when he arrived, the extent and location of damage sustained by the two vehicles, the physical description of the intersection and adjacent area, the presence or absence of witnesses, and other circumstances surrounding the accident" is not hearsay (*Kajoshaj v Greenspan,* 88 AD2d 538, 538 [1st Dept 1982]). In any event, the arbitrator relied on more than hearsay and on more than the police report in making her decision. NYCTA has failed to demonstrate that the arbitrator's fact-finding and ultimate award were arbitrary and capricious or without support in the record. Accordingly, the petition to vacate the arbitration award must be denied.

Pursuant to CPLR 7511(e), "upon the denial of a motion to vacate or modify" an award, the court "shall confirm the award." Hence, Charter Oak is entitled both to the confirmation of the award and the entry of a money judgment in the sum of $18,458.16. The money judgment must bear interest from the date of the arbitration award, that is, from March 16, 2023 (*see* CPLR 5002; *Board of Educ. of Cent. School Dist. No. 1 of Towns of Niagara, Wheatfield, Lewiston & Cambria v Niagara-Wheatfield Teachers Assn.*, 46 NY2d 553, 558 [1979]; *Dermigny v Harper*, 127 AD3d 685, 686 [2d Dept 2015]; *Matter of Levin & Glasser, P.C. v Kenmore Prop., LLC*, 70 AD3d 443, 446 [1st Dept 2010]; *Matter of Gruberg v Cortell Group, Inc.*, 143 AD2d 39, 39 [1st Dept 1988]).

Accordingly, it is,

ORDERED and ADJUDGED that the petition is denied, and upon denial, the proceeding is dismissed, and the arbitration award rendered in the matter entitled *Matter of New York City*

**451381/2023   NEW YORK CITY TRANSIT AUTHORITY vs. CHARTER OAK FIRE INSURANCE COMPANY**
**Motion No.  001**

**Page 4 of 5**

4 of 5

[* 4]

*Transit Authority v Charter Oak Fire Insurance Company,* Arbitration Forums, Inc., Docket Number I068-03102-19-00, dated March 16, 2023, be, and hereby is, confirmed; and it is further,

ORDERED that the Clerk of the court shall enter a money judgment in favor of Charter Oak Fire Insurance Company and against New York City Transit Authority in the principal sum of $18,458.16, with statutory interest at 9% per annum from March 16, 2023.

This constitutes the Amended Decision, Order, and Judgment of the court.

| 12/28/2023 | | JOHN J. KELLEY, J.S.C. |
| --- | --- | --- |
| **DATE** | | |

| CHECK ONE: | X | CASE DISPOSED | | | | NON-FINAL DISPOSITION | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | GRANTED | X | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

451381/2023   NEW YORK CITY TRANSIT AUTHORITY vs. CHARTER OAK FIRE INSURANCE COMPANY
Motion No.  001

Page 5 of 5

5 of 5

[* 5]