## Matter of New York Black Car Operators' Injury Compensation Fund, Inc. v City of New York

2024 NY Slip Op 32950(U)

August 20, 2024

Supreme Court, New York County

Docket Number: Index No. 452644/2023

Judge: John J. Kelley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  HON. JOHN J. KELLEY

*Justice*

-----------------------------------------------------------------------------X

In the Matter of

NEW YORK BLACK CAR OPERATORS' INJURY
COMPENSATION FUND, INC., also known as NEW YORK
BLACK CAR FUND, as subrogee of DUKULY MOHAMMED,

Petitioner,

- v -

CITY OF NEW YORK,

Respondent.

-----------------------------------------------------------------------------X

| PART | 56M |
|---|---|
| INDEX NO. | 452644/2023 |
| MOTION DATE | 07/12/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION, ORDER, AND JUDGMENT**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11

were read on this motion to/for          CONFIRM/DISAPPROVE AWARD/REPORT          .

New York Black Car Operators' Injury Compensation Fund, Inc. (NYBCOICF), also known as New York Black Car Fund, petitions pursuant to CPLR 7510 to confirm an arbitration award dated May 25, 2023, made by an arbitrator acting under the auspices of Arbitration Forums, Inc. (AFI), and pursuant to CPLR 7514 to direct the entry of judgment thereon. The respondent, City of New York, does not oppose the petition. The petition is granted, the award rendered under AFI Docket No. I2301D91AA0-C1-D1 is confirmed, and NYBCOICF is entitled to enter a money judgment against the City in the principal sum of $2,444.81, plus statutory interest on that sum from May 25, 2023.

NYBCOICF was the insurer of a motor vehicle operated by Dukuly Mohammed and owned by Sumsun Alacam Corp. (Sumsun), which is either a ride-share company, or a corporation that provides vehicles to other ride-share companies, and which is a member of NYBCOICF. Mohammed operated the vehicle in his capacity as a driver for Sumsun or another ride-share company. The City was the owner of a Ford sedan vehicle that was operated by

**452644/2023  IN THE MATTER OF THE APPLICATION OF NEW YORK BLACK CAR OPERATORS' INJURY COMPENSATION FUND INC. A/K/A NEW YORK BLACK CAR FUND AS SUBROGEE OF DUKULY MOHAMMED vs. CITY OF NEW YORK**
**Motion No.  001**

Page 1 of 5

[* 1]

New York City Fire Department (FDNY) employee John Heer.  On June 14, 2022, at 12:41 p.m., Mohammed was operating his vehicle in the left southbound lane of the Sheridan Expressway in Bronx, New York, when Heer, while operating his FDNY vehicle in the right southbound lane of that thoroughfare, cut in front of Mohammed's vehicle, made a U-turn in order to proceed northbound on Sheridan Expressway, and struck Mohammed's vehicle.

Mohammed thereafter made a claim upon his insurer, NYBCOICF, for Workers' Compensation benefits in lieu of first-party no-fault benefits, including claims for medical expenses and lost wages (*see A.I. Transp. v New York State Ins. Fund*, 301 AD2d 380, 380 [1st Dept 2003]; *Arvatz v Empire Mut. Ins. Co.,* 171 AD2d 262, 268 [1st Dept 1991]; Insurance Law §§ 5102[a], [b]; 5103 [a]; Workers' Compensation Law § 2[3]).  Ultimately, NYBCOICF paid claims to Mohammed or on Mohammed's behalf in the sums of $1,578.15 in medical expenses, and $866.66 in lost wages, for a total of $2,444.81.

Inasmuch as the vehicle that NYBCOICF had insured was a "motor vehicle used principally for the transportation of persons or property for hire" (Insurance Law § 5105[a]), NYBCOICF was entitled to seek a personal injury protection (PIP) or Workers' Compensation "loss transfer" from the City to reimburse it for the benefits that it had paid out to Mohammed (*see A.I. Transp. v New York State Ins. Fund*, 301 AD2d at 380).  To obtain this loss transfer, NYBCOICF was required to establish that Heer, as the operator of the self-insured City vehicle, was completely or partially at fault in the happening of the accident.  Insurance Law § 5105(b) provides that, where an insurer seeks to recover first-party benefits/PIP or Workers' Compensation loss transfer from the "insurer of any other covered person" on the ground that the other covered person was at fault in the happening of the accident, "[t]he sole remedy . . . shall be the submission of the controversy to mandatory arbitration pursuant to procedures promulgated or approved by the superintendent" of the New York State Department of Financial

452644/2023   IN THE MATTER OF THE APPLICATION OF NEW YORK BLACK CAR          Page 2 of 5
OPERATORS' INJURY COMPENSATION FUND INC. A/K/A NEW YORK BLACK CAR FUND AS
SUBROGEE OF DUKULY MOHAMMED vs. CITY OF NEW YORK
Motion No.  001

[* 2]                                                     2 of 5

Services.  Pursuant to those regulations, AFI has been designated as the exclusive forum for resolution of no-fault related arbitration matters (*see* 11 NYCRR 65.10).

On March 19, 2023, NYBCOICF demanded inter-insurer arbitration with the City before AFI with respect to Mohammed's $1,578.15 in medical expenses and $866.66 in lost wages, and thus filed a PIP loss-transfer arbitration claim with AFI.  After a hearing, the arbitrator found that Heer was 100% at fault in the happening of the accident, concluding that, "[b]ased on the evidence submitted, (police report, scene photos, driver statements) . . . [i]t would be determined that the respondent, NYC Fire Dept would be the sole proximate cause of this loss. The vehicle intending to maneuver should do so in a safe manner while keeping a proper lookout for other vehicles to ensure that such maneuver can be performed safely."  The arbitrator further found that the amounts of both the claims for medical expenses and lost wages that NYBCOICF had paid Mohammed, and had been sought in the arbitration, had been "proven."  Hence, the arbitrator concluded that the City was obligated to pay NYBCOICF the total sum of $2,444.81 in first-party benefits for Mohammed's basic economic loss.  On October 12, 2023, NYBCOICF commenced this proceeding to confirm the award.

Pursuant to CPLR 7510, the court "shall confirm an [arbitration] award upon application of a party made within one year after its delivery to him [or her] unless the award is vacated or modified upon a ground specified in section 7511."  Thus, the award may only be vacated if the court finds that the rights of a party were prejudiced by:

> "(i) corruption, fraud or misconduct in procuring the award; or (ii) partiality of an arbitrator appointed as a neutral, except where the award was by confession; or (iii) an arbitrator, or agency or person making the award exceeded his power or so imperfectly executed it that a final and definite award upon the subject matter submitted was not made; or (iv) failure to follow the procedure of this article, unless the party applying to vacate the award continued with the arbitration with notice of the defect and without objection"

(CPLR 7511[b][1]).  The grounds specified in CPLR 7511 for vacatur of an arbitration award are exclusive (*see Bernstein Family Ltd. Partnership v Sovereign Partners, L.P.*, 66 AD3d 1, 8 [1st

**452644/2023   IN THE MATTER OF THE APPLICATION OF NEW YORK BLACK CAR OPERATORS' INJURY COMPENSATION FUND INC. A/K/A NEW YORK BLACK CAR FUND AS SUBROGEE OF DUKULY MOHAMMED vs. CITY OF NEW YORK**
**Motion No.  001**

Page 3 of 5

Dept 2009]), and it is a "well-established rule that an arbitrator's rulings, unlike a trial court's, are largely unreviewable" (*Matter of Falzone v New York Cent. Mut. Fire Ins. Co.*, 15 NY3d 530, 534 [2013]). Nonetheless, where the award is one, such as the one here, that is rendered after compulsory arbitration, i.e., an arbitration mandated by statute, the court must give "closer judicial scrutiny of the arbitrator's determination under CPLR 7511(b)" than would be warranted in reviewing an award made after a consensual arbitration (*Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co.,* 89 NY2d 214, 223 [1996]; s*ee Matter of Fiduciary Ins. Co. v American Bankers Ins. Co. of Fla.*, 132 AD3d 40, 46 [2d Dept 2015] [with respect to determinations of law, the applicable standard in mandatory no-fault arbitrations is whether any reasonable hypothesis can be found to support the questioned interpretation]; *Matter of Lackow v Department of Educ. (or "Board") of City of N.Y*, 51 AD3d 563, 567 [1st Dept 2008]; *Matter of Curley v State Farm Ins. Co.*, 269 AD2d 240, 242 [1st Dept 2000]; *Matter of Travelers Ins. Co. v Job,* 239 AD2d 289, 291 [1st Dept 1997]). "To be upheld, an award in a compulsory arbitration proceeding must have evidentiary support and cannot be arbitrary and capricious" (*Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co*., 89 NY2d at 223 [citations omitted]; *see Matter of Santer v Board of Educ. of E. Meadow Union Free Sch. Dist*., 23 NY3d 251, 261 [2014]; *Matter of Travelers Ins. Co. v Job,* 239 AD2d at 291).

The instant proceeding to confirm the arbitration award was timely commenced on October 12, 2023 (*see* CPLR 304[a]). NYBCOICF contends that the award was proper in all respects, and that no grounds exist for modification or vacatur. The court agrees with NYBCOICF and concludes that the award was rational. Hence, the court further concludes that NYBCOICF is entitled both to the confirmation of the award and to the entry of a money judgment in the principal sum of $2,444.81. The money judgment must bear interest from the date of the arbitration award, that is, from May 25, 2023 (*see* CPLR 5002; *Board of Educ. of Cent. School Dist. No. 1 of Towns of Niagara, Wheatfield, Lewiston & Cambria v Niagara-*

452644/2023   IN THE MATTER OF THE APPLICATION OF NEW YORK BLACK CAR                    Page 4 of 5
OPERATORS' INJURY COMPENSATION FUND INC. A/K/A NEW YORK BLACK CAR FUND AS
SUBROGEE OF DUKULY MOHAMMED vs. CITY OF NEW YORK
Motion No.  001

4 of 5

*Wheatfield Teachers Assn*., 46 NY2d 553, 558 [1979]; *Dermigny v Harper*, 127 AD3d 685, 686 [2d Dept 2015]; *Matter of Levin & Glasser, P.C. v Kenmore Prop.,* LLC, 70 AD3d 443, 446 [1st Dept 2010]; *Matter of Gruberg v Cortell Group, Inc*., 143 AD2d 39, 39 [1st Dept 1988]).

Accordingly, it is,

ADJUDGED that the petition is granted, without opposition, and the arbitration award rendered in the matter entitled *Matter of New York Black Car Operators' Injury Compensation Fund, Inc., also known as New York Black Car Fund v City of New York,* Arbitration Forums, Inc., Docket No. I2301D91AA0-C1-D1, dated May 25, 2023, be, and hereby is, confirmed; and it is further,

ORDERED that the Clerk of the court shall enter a money judgment in favor of Black Car Operators' Injury Compensation Fund, Inc., also known as New York Black Car Fund, and against the City of New York, in the principal sum of $2,444.81, plus statutory interest at 9% per annum from May 25, 2023.

This constitutes the Decision, Order, and Judgment of the court.

| | |
|---|---|
| **8/20/2024** | |
| **DATE** | **JOHN J. KELLEY, J.S.C.** |

| CHECK ONE: | X | CASE DISPOSED | | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**452644/2023   IN THE MATTER OF THE APPLICATION OF NEW YORK BLACK CAR OPERATORS' INJURY COMPENSATION FUND INC. A/K/A NEW YORK BLACK CAR FUND AS SUBROGEE OF DUKULY MOHAMMED vs. CITY OF NEW YORK Motion No.  001**          **Page 5 of 5**

5 of 5