■ In the Matter of COMMERCIAL UNION INSURANCE COMPANY, Respondent, v STEVEN B. EWALL, Appellant.—Order and judgment (one paper), Supreme Court, New York County (Shirley Fingerhood, J.), entered on or about July 10, 1989, granting petitioner's motion to vacate the arbitrator's award, dated December 5, 1988, directing petitioner to pay respondent the sum of $85,000, unanimously reversed, on the law, with costs and disbursements, the motion denied and the arbitrator's award confirmed.

Respondent was injured on October 28, 1986 when the vehicle he was driving was struck in the rear by a vehicle which fled from the scene of the accident. Respondent thereafter made a claim against petitioner under his own policy's uninsured motorist provision, which had a $100,000 limit. The matter ultimately proceeded to an arbitration hearing, at which only respondent and petitioner's examining physician, Dr. Snyder, testified. Various medical exhibits and reports, including those of Drs. Lehman and Wani, respondent's treating physicians, were received in evidence at the hearing, at the conclusion of which respondent was awarded $85,000.

Petitioner moved to vacate the award on the ground that the arbitrator exceeded his power in that the award lacked a rational basis. In support thereof, petitioner noted that respondent's vehicle had been pushed forward only a few feet and that the only damage was a pushed-in bumper; that respondent, an attorney associated with his father in a practice specializing in personal injury litigation, received no medical treatment at the emergency room and never missed a day of work due to injuries; that he did not seek medical attention until two weeks after the accident when he visited

Dr. Lehman, an orthopedist, who, without the qualifications to make a neurological diagnosis, found that respondent showed signs of carpal tunnel syndrome; that Dr. Lehman's records did not indicate that respondent had ever been treated for arm or wrist injuries; that Dr. Wani, a neurologist who concluded that respondent had sustained a cervical strain and neuropathy of the right median nerve, performed a series of diagnostic tests, which resulted in normal findings; that neither Dr. Lehman nor Dr. Wani testified at the arbitration hearing and that the only competent medical evidence was the testimony of Dr. Snyder, a neurologist, who concluded that Dr. Wani's nerve conduction test negated carpal tunnel syndrome as did the absence of muscle atrophy.

In opposing the motion, respondent relied upon a policy clause providing that if the arbitration award exceeds "the minimum limits for bodily injury specified by the financial responsibility law of the state in which [the] covered auto is principally garaged" either party could demand the "right to a trial". According to the policy's terms, this demand must be made within 60 days of the arbitrator's decision; if not so made, the amount of damages "agreed by the arbitrator" is binding. In New York, the minimum limit for bodily injury liability is $10,000 per person. (Vehicle and Traffic Law § 311 [4] [a].) Thus, since the award exceeded the minimum limit for bodily injury, respondent argued, petitioner waived its right to challenge the award of damages by failing to make a timely demand for a trial. The IAS court failed to address the latter issue and, determining that the arbitrator had failed to make a finding of "serious injury", found that the doctors' reports were an inadequate basis to support the award, vacated the award and remanded the matter to the arbitrator for a new hearing at which evidence of a "serious injury" under the No-Fault Law would be required to support any damage award. We reverse.

At the outset, we note our agreement with petitioner's position that the policy provision for a trial de novo is not the exclusive remedy available to one aggrieved by an arbitration award and, thus, the failure to demand such a trial does not bar this proceeding. The policy provision and CPLR 7511, which, *inter alia,* sets forth the grounds for vacating or modifying an arbitration award and the time in which such application must be made, must be read together. Thus, while petitioner could have availed itself of a trial de novo on damages, and waived its right thereto by failing to make a timely demand, it may still seek vacatur or modification of the

award on one or more of the statutory grounds. This is precisely what it is attempting to do in arguing that the arbitrator exceeded his power. *(See,* CPLR 7511 [b] [1] [iii].)

Putting that issue aside, however, we find that petitioner has failed to show a basis for vacatur of the award. No one disputes the fact that since a claim by an insured against an insurer under the uninsured motorists' endorsement is subject to mandatory arbitration, the scope of judicial review of any award after such arbitration is greater than in the case of consensual arbitration. The Court of Appeals in *Mount St. Mary's Hosp. v Catherwood* (26 NY2d 493, 508, *rearg denied* 27 NY2d 737) set the standard of review in compulsory arbitration for determining whether the arbitrator has exceeded his power: "whether the award is supported by evidence or other basis in reason, as may be appropriate, and appearing in the record." As already noted, the IAS court found that the arbitrator failed to make a finding as to "serious injury" and, in any event, apparently, that there was an inadequate basis in the record for such a finding.

In determining whether a claimant is legally entitled to damages and, if so, the amount thereof, in the arbitration of a claim under an uninsured motorists' endorsement, the arbitrator must necessarily decide whether the claimant has incurred a "serious injury" as defined by Insurance Law § 5102 (d). *(Matter of Aetna Cas. & Sur. Co. v Cochrane,* 64 NY2d 796.) While there was no such specific finding on that point, it cannot be presumed that the arbitrator was unaware of the necessity of so finding or that he refused to follow the law and awarded damages without such finding. *(See, supra,* at 798.) Moreover, it is well settled that an arbitrator need not justify his award by setting forth the reasons for his determination. *(Dahn v Luchs,* 92 AD2d 537, 538.) All that is required is that the record contain a rational basis for the award. With respect to the claim of arbitral excess of power—premised on a lack of rational basis for the award—we find petitioner's arguments to be without merit. In advancing this claim, it basically engages in a factual analysis supportive of the view it espouses. Suffice to say, it cannot be said that there was not a rational basis for the award or that the award was not otherwise grounded in reason. Contrary to the IAS court's reasoning, the doctors' reports are not an inadequate basis to support the award since they clearly establish a "serious injury". Arbitrators, in the discharge of their duties, are not governed by the substantive or evidentiary rules of courts of law. *(Supra,* at 538.) Accordingly, the arbitrator's award is

confirmed. Concur—Kupferman, J. P., Sullivan, Milonas, Ellerin and Rubin, JJ.