■ In the Matter of TRAVELERS INSURANCE COMPANY, Respondent, v MARK JOB, Appellant. [658 NYS2d 585] —Order of the Supreme Court, New York County (Norman Ryp, J.), entered on or about December 12, 1995, which granted petitioner's motion to vacate the arbitrator's award and denied respondent's motion to confirm, unanimously reversed, on the law, without costs, the motion denied, the cross motion granted, and the award confirmed.

In *Avon Prods. v Solow* (150 AD2d 236, 239-240), this Court stated that the procedure employed by an arbitrator during the course of hearing an arbitrable controversy should not be

subject to judicial intervention and suggested that, even upon review pursuant to CPLR 7511, the discretion afforded to the arbitrator in procedural matters should not be restricted absent a compelling reason to abrogate the strong public policy against judicial interference. We have also noted that, in the interest of preserving the independence of the arbitral process and conserving judicial resources, the courts have been assigned a minimal role in supervising arbitration practice (*Szabados v Pepsi-Cola Bottling Co.*, 174 AD2d 342; *Matter of Wertlieb [Greystone Partnerships Group]*, 165 AD2d 644). To embroil this Court in a discretionary matter relating to the admission of evidence in a no-fault arbitration proceeding "runs counter to the Legislature's purpose to reduce significantly the burden of automobile personal injury litigation upon the courts" (*Matter of Aetna Cas. & Sur. Co. v Cochrane*, 64 NY2d 796, 798). Judicial interference is especially inappropriate where, as here, it is clear that the complaining party acquiesced in the procedure it now asserts to be error.

Respondent Mark Job was injured on July 20, 1993 while a passenger in a taxicab, which was struck in the rear by another vehicle. Because the taxi was uninsured, respondent demanded arbitration pursuant to the uninsured motorist endorsement of his insurance policy, issued by petitioner The Travelers Insurance Company. It is undisputed that notice of the arbitration hearing dated February 10, 1995 was sent by the American Arbitration Association to petitioner's East Meadow, Long Island office and not to the office of its attorney. Following the failure of petitioner's counsel to appear on March 21, 1995, the scheduled hearing date, the arbitrator accepted a post-hearing submission dated May 31, 1995 from counsel for petitioner Travelers and a subsequent "Review of Submission" from counsel for respondent Mark Job. The arbitrator rendered an award in respondent's favor in the amount of $100,000 on July 28, 1995.

Petitioner sought to vacate the award on the grounds that the arbitrator exceeded his power by accepting respondent's post-hearing submission, in addition to its own, and also by rendering an award which, it asserts, is not warranted by the medical evidence originally submitted by respondent on the hearing date. Supreme Court agreed that the arbitrator exceeded his authority by accepting medical documentation that postdates the hearing and granted petitioner's motion to vacate the award on that basis.

On appeal, respondent-appellant asserts that the arbitrator acted within his authority in accepting post-hearing submis-

sions. He further contends that there is no indication that the arbitrator considered his additional evidence and that, in any event, petitioner's failure to protest the additional submission operates as a waiver of any objection to the proffered evidence. He also takes issue with petitioner's conclusion that the evidence fails to support a finding that he sustained a serious injury.

It is settled that the question of whether or not a particular claimant sustained a serious injury is a matter within the province of the arbitrator, not the courts (*Matter of Aetna Cas. & Sur. Co. v Cochrane*, 64 NY2d 796, 798, *supra*). However, as this Court noted in *Matter of Commercial Union Ins. Co. v Ewall* (168 AD2d 247, 249), "the scope of judicial review of any award [rendered] after [compulsory] arbitration is greater than in the case of consensual arbitration. The Court of Appeals in *Mount St. Mary's Hosp. v Catherwood* (26 NY2d 493, 508, *rearg denied* 27 NY2d 737) set the standard of review in compulsory arbitration for determining whether the arbitrator has exceeded his power: 'whether the award is supported by evidence or other basis in reason, as may be appropriate, and appearing in the record.' " Elaborating on this point in *Matter of Petrofsky (Allstate Ins. Co.)* (54 NY2d 207, 211), the Court of Appeals stated: "This standard has been interpreted to import into article 75 review of compulsory arbitrations the arbitrary and capricious standard of article 78 review. (*Caso v Coffey*, 41 NY2d 153, 158; Siegel, New York Practice, § 603, pp 865-866.) In addition, article 75 review questions whether the decision was rational or had a plausible basis. (*Caso v Coffey*, 41 NY2d 153, 158, *supra*.)"

The record contains the report of Jonathan L. Glashow, M.D. dated August 2, 1993, which petitioner does not dispute was before the arbitrator on the date of the hearing. The doctor's diagnosis of an avulsion fracture of the tibial tubercle only two weeks following the accident is sufficient to support a finding of "serious injury" within the meaning of Insurance Law § 5102 (d), which encompasses a fracture as a matter of definition. Therefore, there is no basis upon which to disturb the arbitrator's findings upon the merits.

As to petitioner's procedural basis for vacating the award in this matter, it has furnished no authority to support its conclusion that admission of respondent's additional medical reports rises to the level of misconduct (CPLR 7511 [b] [1] [i]) or exceeds the authority of the arbitrator (CPLR 7511 [b] [1] [iii]) so as to warrant vacatur. Ruling on evidentiary matters in compulsory arbitration proceedings, the Appellate Division, Second Depart-

ment, in *Dahn v Luchs* (92 AD2d 537) and the Appellate Division, Third Department, in *Matter of Pierre (General Acc. Ins.)* (100 AD2d 705, *lv denied* 63 NY2d 601) both applied this Court's reasoning in *Korein v Rabin* (29 AD2d 351, 356), in which we stated that a court will not "concern itself with the form or sufficiency of the evidence before the arbitrators or some departure from formal technicalities in the absence of a clear showing that statutory grounds exist for vacatur of the award." Even allowing that acceptance of certain evidence by the arbitrator could be said to constitute mistake or error, we noted that vacating an award is unwarranted " 'unless it results in a failure of intent or breach of authority or is so gross or palpable as to establish fraud or misconduct' " (*supra*, at 356, quoting 6 CJS, Arbitration and Award, § 105).

It is apparent that petitioner seeks to avoid the arbitrator's determination on the issue of whether or not respondent sustained a serious injury. This is a tactic that has been flatly rejected by this Court in the context of contractual arbitration provisions (*Rio Algom v Sammi Steel Co.,* 168 AD2d 250, *lv denied* 78 NY2d 853), and petitioner has advanced no reason why it should be tolerated merely because the instant dispute is consigned to arbitration by enactment of the Legislature rather than by agreement between the parties. In either case, the policy to be advanced is the conservation of judicial resources (*compare, Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co.,* 37 NY2d 91, 95, *with Matter of Aetna Cas. & Sur. Co. v Cochrane, supra,* at 798). Furthermore, the statutory provision for the arbitration of no-fault benefits is interpreted to be "at least as encompassing as a broad arbitration clause" (*Matter of Nassau Ins. Co. v McMorris,* 41 NY2d 701, 702 [holding that the threshold question of whether an insurance policy had been canceled was for the arbitrator, not the courts]).

Finally, this Court's decision in *Matter of Bevona (Superior Maintenance Co.)* (204 AD2d 136), upon which petitioner relies, does not support its contention that vacatur of the arbitration award is warranted in this matter. In that case, the attorney for the defaulting party appeared on the morning of the hearing and submitted a written request for adjournment to the arbitrator, who nevertheless issued a default award and labeled it as such. We therefore held (*supra,* at 139) that denial of the adjournment resulting in default, precipitated by the compelling circumstance of a death in the family, "resulted in the failure to 'hear pertinent and material evidence' (*Matter of Professional Staff Congress/ City Univ. v Board of Higher Educ.,* 39 NY2d 319, 323; *Matter of Cox ·[Mitchell],* 188 AD2d 915,

917).'' By contrast, the record in the matter on appeal is devoid of proof that any request for adjournment was before the arbitrator (*Clarendon Vending Corp. v Picciola*, 80 AD2d 907). Moreover, the complaint voiced by petitioner is that the arbitrator rendered his award on the basis of too much evidence, not that the award was based upon less than all the evidence (*Matter of Bevona [Superior Maintenance Co].*, *supra*, at 139).

Petitioner actively participated in the arbitration of this dispute and should not be heard to complain, belatedly, that the procedure employed was unfair. At no time did Travelers submit a written request for adjournment, but, some two months after the hearing, as invited by the arbitrator, it submitted the letter of its attorney together with medical exhibits in support of its position that respondent did not sustain a serious injury. Only after it received an adverse determination did Travelers make any protest concerning this procedure.

As this Court ruled in *Matter of Herskovitz (Kaye Assocs.)* (170 AD2d 272, 275, *lv dismissed* 78 NY2d 899), where an award is ''made after careful consideration of 'all of the evidence presented, and the evidence proposed for presentation' '', in the arbitrator's words, a party that ''availed itself of the opportunity to present its evidence through affidavits'' instead of formally seeking an adjournment is deemed to have ''charted its own procedural course and cannot now be heard to complain.'' As we recently stated in *American Tr. Ins. Co. v Ebrahim* (236 AD2d 274, 275), ''to vacate an arbitration award [of uninsured motorist benefits], the burden is upon the movant to show the award was irrational, in violation of public policy or in excess of the arbitrator's powers''. Petitioner has not sustained its burden in this matter, and the record before us ''is sufficient to support the arbitrator's finding of a serious injury within the meaning of Insurance Law § 5102 (d)'' (*supra*, at 275). Concur—Wallach, J. P., Nardelli, Rubin and Williams, JJ.