■ LOCAL 375, DISTRICT COUNCIL 37, AFSCME, AFL-CIO, et al., Respondents, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Appellants. [685 NYS2d 29] —Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered August 15, 1997, granting petitioners' application to vacate an arbitrator's award upholding the termination of a hospital employee and directing the parties to appear for a rehearing before a different arbitrator, unanimously reversed, on the law, without costs, the application denied and the award reinstated.

Petitioners are parties to a collective bargaining agreement providing for arbitration of grievances and specifically declaring that the arbitrator's award will be final, binding and enforceable under CPLR article 75. The grievant, Jose Hernandez, was a Health and Hospitals Corporation (HHC) employee

who was terminated in April 1993 for converting a "3" on a paycheck to an "8" with a pen, thereby significantly enhancing the putative value of the check. After a check cashing establishment refused to honor the check due to the discrepancy, and marked it void, he returned to his payroll office for the issuance of another check. The payroll office, noticing the discrepancy, confiscated the check and Hernandez was arrested for forgery. The criminal charges eventually were dismissed. Administrative charges were also filed, leading to his termination. Specification One charged Hernandez with forgery of the paycheck, and Specification Two charged him with attempting to have the payroll office reissue him a paycheck in the forged amount. Petitioners, acting on Hernandez's behalf, and the employer agreed to submit the controversy to arbitration. Hernandez's explanation was that the change was made, unintentionally, while he was doodling during a telephone call.

At the arbitration proceeding, the teller at the check cashing establishment testified that when Hernandez presented the cash, the teller noticed the tampering without Hernandez bringing it to his attention. Rather, Hernandez denied tampering, indicating that he had received the check in that form. Hernandez himself testified that he had received two checks together at about 3 P.M., cashed one, returned to his office prior to the end of his shift at 4 P.M., received a telephone call during which the doodling occurred, and, at about 3:50 P.M., returned to cash the second check, which was then voided. The arbitrator found it to be implausible that he would cash only one of two checks, return to his office shortly before his shift ended, then afterward try to cash the second check. Employees of the payroll department testified that when he returned the check for re-issuance, he indicated only that they had given him the wrong check, and did not immediately alert them that the numerical amount of the check had been altered. Hernandez contended that he had tried to erase the doodling, leaving smudges so that the inadvertence of the alteration should have been obvious. Petitioners provided evidence that the check, retained by the prosecutor until dismissal of the forgery case, was destroyed by the District Attorney in the normal course of events, so that the purported smudging could not be observed. The arbitrator concluded that Hernandez's consistent conduct evinced an effort to benefit from an alteration concededly made by him.

The IAS Court, in vacating the award, found some inconsistencies in the arbitrator's findings, noted the dismissal of the criminal charge, and, concluding that the award was irrational

as a matter of law, found that the arbitrator consequently had exceeded her authority. However, vacatur in this case was itself unauthorized under CPLR article 75.

CPLR 7511 (b) (1) limits vacatur of an arbitrator's award to occasions involving fraud, corruption or bias of the arbitrator, or the arbitrator's procedural violation of article 75, none of which are factors here, or occasions when the arbitrator exceeded her power or so imperfectly executed it that a final and definite award was not made (CPLR 7511 [b] [1] [iii]). Petitioners rely on the latter provision.

Arbitration has been an effective and expeditious method of resolving disputes, especially those involving commercial affairs. Judicial tribunals are averse to interfere with arbitration awards "lest the value of this method of resolving controversies be undermined" (*Matter of Goldfinger v Lisker*, 68 NY2d 225, 230). Rather, "the integrity of the process, as opposed to the correctness of the individual decision, [must] be zealously safeguarded" (*supra*, at 230). An arbitration award will not be set aside unless the party seeking vacatur demonstrates that the award is irrational, violates public policy, or exceeds a specifically enumerated limitation on the arbitrator's power (*Matter of Town of Callicoon [Civil Serv. Empls. Assn.]*, 70 NY2d 907, 909). We have characterized our own review power as "so circumspect that an arbitrator's award will not be set aside even though the arbitrator misconstrues or disregards the agreement, or misapplies substantive rules of law, unless it violates strong public policy or is totally irrational" (*Matter of Sims v Siegelson*, 246 AD2d 374, 376). We find no basis to reach such a conclusion in this case. Notwithstanding the explainable absence of the check and some possible inconsistencies in the arbitrator's findings, the arbitrator had sufficient evidence to reasonably justify her findings. The IAS Court's conclusions amount to no more than impermissibly second-guessing these factual findings.

Accordingly, we reinstate the award. Concur—Wallach, J. P., Lerner, Tom and Andrias, JJ.