(February 17, 2000)

■ In the Matter of the Arbitration between CATHERINE R. CURLEY, Respondent, and STATE FARM INSURANCE COMPANY, Appellant. [702 NYS2d 305] —Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered on or about February 23, 1999, granting petitioner's application to vacate an underinsurance arbitration award and directing a rehearing, unanimously reversed, on the law, without costs, the application denied and the cross-petition to confirm the award granted.

Petitioner was injured in a 1995 automobile accident. She recovered full policy benefits against the owner of the other vehicle, and sought additional underinsured benefits under her own policy with respondent carrier. The matter proceeded to arbitration. The injury in dispute was alleged lower back injury and pain purportedly arising from a herniated disc caused by

the accident. Petitioner's evidence included reports of her treating physician, radiologist, and chiropractor.

The arbitrator awarded petitioner $35,000. Reviewing the evidence, the arbitrator found that although petitioner sustained "a tiny left paracentral focal herniation at L5/S1 disc as a result of this accident, three radiologists agree that there was no evidence of nerve root impingement or theca sac compression. There are no neurologically significant findings on the MRI, nor are the EMG's or NCV's confirming nerve root involvement or positive neurological findings in examinations conducted by [petitioner's physician] and respondent's orthopedist. Consequently, I am not convinced that this herniated disc was the source of [petitioner's] complaints." Further, the arbitrator concluded that the independent radiologist agreed with petitioner's radiologist "to the extent that the MRI study shows a herniated disc at L5/S1 impinging on the anterior epidural fat with no evidence of compression of the theca sac or exiting nerve roots." Petitioner contends that the arbitrator misinterpreted her radiologist's findings in this regard. The arbitrator also noted the absence of evidence confirming purported clinical findings of radiculopathy, that the MRI did not show any evidence of neurologically significant impingements or compressions, that petitioner's physician had even found central neurological findings to be within normal limits, and that respondent's orthopedist diagnosed cervical and lumbar sprains without evidence of residual impairment.

Subsequently, petitioner, contending that the arbitrator had misinterpreted her medical evidence, sought to modify (CPLR 7511 [c] [1]) the award to the $75,000 policy limits. Alternatively, she sought vacatur of the award and a new hearing before a different arbitrator on the issue of damages, arguing that the arbitrator exceeded her power or so imperfectly exercised it that a final and definite award on that issue was not made. The IAS Court, granting the alternative relief, found that the arbitrator had not properly interpreted the medical proof, and had not sufficiently connected petitioner's pain with the motor vehicle accident. Hence, in the IAS Court's phrasing, the arbitrator "rendered an award based on a misapprehension."

The motion court's ruling creates a novel, but unauthorized, "misapprehension" standard for judicial review of arbitration awards. Vacatur of an arbitrator's award is statutorily limited to occasions involving fraud, corruption or bias—factors not present here—or occasions when the arbitrator exceeded his or her power, or so imperfectly executed it so that a final and def-

inite award was not made (CPLR 7511 [b]; *Local 375 v New York City Health & Hosps. Corp.*, 257 AD2d 530). Absent a statutory basis for vacatur, none exists and vacatur is unauthorized (*Matter of Sims v Siegelson*, 246 AD2d 374, 377). We have long adhered to the standard in compulsory arbitration cases that the arbitration award will be upheld when it " ' "is supported by evidence or other basis in reason, as may be appropriate * * * appearing in the record" ' " (*Matter of Travelers Ins. Co. v Job*, 239 AD2d 289, 291, quoting *Matter of Commercial Union Ins. Co. v Ewall*, 168 AD2d 247, 249, quoting *Mount St. Mary's Hosp. v Catherwood*, 26 NY2d 493, 508, *rearg denied* 27 NY2d 737). Such CPLR article 75 review "import[s] * * * the arbitrary and capricious standard of article 78 review" or, stated differently, the governing consideration is "whether the decision was rational or had a plausible basis" (*Matter of Petrofsky [Allstate Ins. Co.]*, 54 NY2d 207, 211). The issue before the arbitrator was whether petitioner's pain was caused by a herniated disc which resulted from the accident. It is undisputed that the arbitrator relied on competent medical proof. This fact remains even if we excise from the arbitrator's conclusions the interpretation, challenged by petitioner, of petitioner's own medical experts. The arbitrator still relied on medical opinions by two other radiologists, one independent of respondent, and an orthopedist, as well as on the absence of any other objective testing demonstrating neurologically significant findings in this regard. This evidence, standing alone, was sufficient to support the arbitrator's findings that the herniated disc was not the cause of petitioner's complaints (*Matter of Commercial Union Ins. Co. v Ewall*, 168 AD2d 247, 249, *supra*). The movant is required to prove that the award was irrational, or in violation of public policy or in excess of the arbitrator's powers (*Matter of Travelers Ins. Co. v Job*, *supra*, at 293), a burden not satisfied in this case. These are the grounds available to overturn an arbitrator's award and as has already been held "an arbitrator's award will not be set aside even though the arbitrator misconstrues or disregards the [proof], or misapplies substantive rules of law, unless it violates strong public policy or is totally irrational" (*Sims v Siegelson*, *supra*, at 376). We have consistently rejected the attempts of disappointed litigants, claiming misinterpretation of medical evidence, to solicit judicial second-guessing of arbitrators' findings (*Local 375 v New York City Health & Hosps. Corp.*, *supra*). Even if the arbitrator is argued to have been mistaken, vacatur on that basis must be rejected unless the award " 'results in a failure of intent or breach of authority or is so gross or palpable as to establish fraud or misconduct' "

(*Korein v Rabin*, 29 AD2d 351, 356 [citation omitted]), not present in this case. Concur—Tom, J. P., Mazzarelli, Ellerin, Wallach and Lerner, JJ.