**Matter of New York Black Car Operators' Injury Compensation Fund, Inc. v City of New York**

2024 NY Slip Op 32219(U)

July 1, 2024

Supreme Court, New York County

Docket Number: Index No. 452422/2023

Judge: John J. Kelley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:** **HON. JOHN J. KELLEY**

*Justice*

PART 56M

--------------------------------------------------------------------------------X

In the Matter of

NEW YORK BLACK CAR OPERATORS' INJURY COMPENSATION FUND, INC. also known as NEW YORK BLACK CAR FUND, as subrogee of CHRISTIAN CONTRERAS,

Petitioner,

- v -

CITY OF NEW YORK,

Respondent.

--------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 452422/2023 |
| MOTION DATE | 07/12/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION, ORDER, AND JUDGMENT**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11

were read on this motion to/for          CONFIRM/DISAPPROVE AWARD/REPORT          .

New York Black Car Operators' Injury Compensation Fund, Inc. (NYBCOICF), also known as New York Black Car Fund, petitions pursuant to CPLR 7510 to confirm two arbitration awards, dated March 7, 2023, and August 17, 2023, respectively, made by an arbitrator acting under the auspices of Arbitration Forums, Inc. (AFI), and pursuant to CPLR 7514 to direct the entry of judgment thereon. The respondent, City of New York, does not oppose the petition. The petition is granted, the awards rendered under AFI Docket Nos. I2301BBCCE8-C1-D1 and I2301BBCCE8-C1-D2 are confirmed, and NYBCOICF is entitled to enter a money judgment against the City in the principal sum of $2,783.68, plus statutory interest on the sum of $216.67 from March 7, 2023 and on the sum of $2,567.01 from August 17, 2023.

NYBCOICF was the insurer of a motor vehicle owned and operated by Christian Contreras, who operated the vehicle in his capacity as an employee of the Lyft ride-share company, which was a member of NYBCOICF. The City was the owner of a police vehicle that

**452422/2023 IN THE MATTER OF THE APPLICATION OF NEW YORK BLACK CAR OPERATORS' INJURY COMPENSATION FUND INC. A/K/A NEW YORK BLACK CAR FUND AS SUBROGEE OF CHRISTIAN CONTRERAS vs. CITY OF NEW YORK**
**Motion No. 001**

Page 1 of 7

1 of 7

[* 1]

was operated by New York City Police Department (NYPD) Officer Armando Arias.  On November 27, 2022, Contreras was proceeding westbound on West 167th Street in Bronx, New York, when Arias proceeded in an emergency capacity southbound on Ogden Avenue, and approached the intersection of those two thoroughfares.  As Arias approached the intersection, a red light governed traffic traveling southbound on Ogden Avenue.  Arias had activated his emergency lights and sirens as he approached the intersection.  Arias did not stop his vehicle at the red light and entered the intersection, at which time Contreras's vehicle struck Arias's NYPD vehicle, causing the police vehicle to spin off the roadway.

Contreras thereafter made a claim upon his insurer, NYBCOICF, for Workers' Compensation benefits in lieu of first-party no-fault benefits (*see A.I. Transp. v New York State Ins. Fund*, 301 AD2d 380, 380 [1st Dept 2003]; *Arvatz v Empire Mut. Ins. Co.,* 171 AD2d 262, 268 [1st Dept 1991]; Insurance Law §§ 5102[a], [b]; 5103 [a]; Workers' Compensation Law § 2[3]).  NYBCOICF paid claims totaling on Contreras's behalf in the sum of $7,927.97 in medical benefits, and in two separate sums of $866.66 and $2,340.06, respectively, in lost wages.

Inasmuch as the vehicle that NYBCOICF had insured was a "motor vehicle used principally for the transportation of persons or property for hire" (Insurance Law § 5105[a]), NYBCOICF was entitled to seek a personal injury protection (PIP) or Workers' Compensation "loss transfer" from the City to reimburse it for the benefits that it had paid out to Contreras (*see A.I. Transp. v New York State Ins. Fund*, 301 AD2d at 380).  To obtain this loss transfer, NYBCOICF was required to establish that Arias, as the operator of the self-insured City vehicle, was completely or partially at fault in the happening of the accident.  Insurance Law § 5105(b) provides that, where an insurer seeks to recover first-party benefits/PIP or Workers' Compensation loss transfer from the "insurer of any other covered person" on the ground that the other covered person was at fault in the happening of the accident, "[t]he sole remedy . . . shall be the submission of the controversy to mandatory arbitration pursuant to procedures

promulgated or approved by the superintendent" of the New York State Department of Financial Services. Pursuant to those regulations, AFI has been designated as the exclusive forum for resolution of no-fault related arbitration matters (*see* 11 NYCRR 65.10).

On January 10, 2023, NYBCOICF demanded inter-insurer arbitration with the City before AFI, and thus filed a PIP loss-transfer arbitration claim with AFI. In an initial award dated March 7, 2023, an AFI arbitrator found Contreras's description of the accident to be credible. The arbitrator noted that although Vehicle and Traffic Law § 1104(b)(2) provides that "[t]he driver of an authorized emergency vehicle may . . . [p]roceed past a steady red signal, a flashing red signal or a stop sign," that driver may do so "only after slowing down as may be necessary for safe operation." Thus, although Vehicle and Traffic Law § 1104(e) "establishes a reckless disregard standard of care for determining . . . civil liability for damages resulting from the privileged operation of an emergency vehicle; if the conduct causing the accident resulting in injuries and damages is not privileged under Vehicle and Traffic Law § 1104(b), the standard of care for determining civil liability is ordinary negligence" (*Kabir v County of Monroe*, 16 NY3d 217, 230-231 [2011] [citation and internal quotation marks omitted]). The arbitrator found that Arias did not slow down to the extent necessary for the safe operation of his vehicle and, hence, he did not engage in vehicular operation that was privileged by Vehicle and Traffic Law § 1104(b). Thus, she found that Arias was negligent, and that he was 25% at fault in the happening of the subject accident. Upon finding that the amount of medical expenses and lost wages that Contreras claimed had been "proven," and multiplying those amounts by 25%, she determined, in two separate awards dated March 7, 2023 and August 17, 2023, respectively, that the City was obligated to pay NYBCOICF the total sum of $2,783.68 in first-party benefits for Contreras's basic economic loss. On September 25, 2023, NYBCOICF commenced this proceeding to confirm the awards.

**452422/2023 IN THE MATTER OF THE APPLICATION OF NEW YORK BLACK CAR OPERATORS' INJURY COMPENSATION FUND INC. A/K/A NEW YORK BLACK CAR FUND AS SUBROGEE OF CHRISTIAN CONTRERAS vs. CITY OF NEW YORK Motion No. 001**

**Page 3 of 7**

3 of 7

Pursuant to CPLR 7510, the court "shall confirm an [arbitration] award upon application of a party made within one year after its delivery to him [or her] unless the award is vacated or modified upon a ground specified in section 7511." Thus, the award may only be vacated if the court finds that the rights of a party were prejudiced by:

> "(i) corruption, fraud or misconduct in procuring the award; or (ii) partiality of an arbitrator appointed as a neutral, except where the award was by confession; or (iii) an arbitrator, or agency or person making the award exceeded his power or so imperfectly executed it that a final and definite award upon the subject matter submitted was not made; or (iv) failure to follow the procedure of this article, unless the party applying to vacate the award continued with the arbitration with notice of the defect and without objection"

(CPLR 7511[b][1]). The grounds specified in CPLR 7511 for vacatur of an arbitration award are exclusive (*see Bernstein Family Ltd. Partnership v Sovereign Partners, L.P.*, 66 AD3d 1, 8 [1st Dept 2009]), and it is a "well-established rule that an arbitrator's rulings, unlike a trial court's, are largely unreviewable" (*Matter of Falzone v New York Cent. Mut. Fire Ins. Co.*, 15 NY3d 530, 534 [2013]). Nonetheless, where a challenged award is one, such as the one here, that is rendered after compulsory arbitration, i.e., an arbitration mandated by statute, the court must give "closer judicial scrutiny of the arbitrator's determination under CPLR 7511(b)" than would be warranted in reviewing an award made after a consensual arbitration (*Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co.,* 89 NY2d 214, 223 [1996]; s*ee Matter of Fiduciary Ins. Co. v American Bankers Ins. Co. of Fla.*, 132 AD3d 40, 46 [2d Dept 2015] [with respect to determinations of law, the applicable standard in mandatory no-fault arbitrations is whether any reasonable hypothesis can be found to support the questioned interpretation]; *Matter of Lackow v Department of Educ. (or "Board") of City of N.Y*, 51 AD3d 563, 567 [1st Dept 2008]; *Matter of Curley v State Farm Ins. Co.*, 269 AD2d 240, 242 [1st Dept 2000]; *Matter of Travelers Ins. Co. v Job,* 239 AD2d 289, 291 [1st Dept 1997]). "To be upheld, an award in a compulsory arbitration proceeding must have evidentiary support and cannot be arbitrary and capricious" (*Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d at 223 [citations

452422/2023   IN THE MATTER OF THE APPLICATION OF NEW YORK BLACK CAR OPERATORS' INJURY COMPENSATION FUND INC. A/K/A NEW YORK BLACK CAR FUND AS SUBROGEE OF CHRISTIAN CONTRERAS vs. CITY OF NEW YORK
Motion No.  001

Page 4 of 7

4 of 7

omitted]; *see Matter of Santer v Board of Educ. of E. Meadow Union Free Sch. Dist*., 23 NY3d 251, 261 [2014]; *Matter of Travelers Ins. Co. v Job,* 239 AD2d at 291).

The instant proceeding to confirm the arbitration award was timely commenced on September 25, 2023 (*see* CPLR 304[a]). NYBCOICF contends that the award was proper in all respects, and that no grounds exist for modification or vacatur. The court notes that, although Contreras has commenced a personal injury action against the City and Arias (*see Contreras Jimenez v City of New York*, et al, Supreme Court, Bronx County, Index No. 820033/2023), in which the issue of whether Arias was subject to a negligence or recklessness standard may be raised and, if the negligence standard is determined to be applicable, the apportionment of fault between Arias and Contreras may be disputed, a "'final judgment on the merits'" is required to assert either the doctrine of res judicata or collateral estoppel to bar this proceeding (*Kilduff v Donna Oil Corp*., 74 AD2d 562, 563 [2d Dept 1980], quoting Siegel, New York Practice, § 444, p 589; *see Allmed Mdse. & Trading, Inc. v Geico*, 2023 NY Misc LEXIS 19623, *2 [Sup Ct, Queens County, Jul, 14, 2023]; *see also Eastern Air Lines, Inc. v Trans Caribbean Airways, Inc*., 29 AD2d 379, 381-382 [1st Dept 1968], *affd* 23 NY2d 709 [1968]; 5 Weinstein, Korn & Miller, New York Civil Practice para. 5011.10 at p. 50-78.). In other words, it would only the entry of a final judgment in the related action that could act as a bar, since "'neither the verdict of a jury nor the findings of a court in a prior action upon the precise point involved in a subsequent action . . . constitute a bar, unless followed by a judgment based thereon, or into which the verdict or findings entered'" (*Church v New York State Thruway Auth.*, 16 AD3d 808, 810 [3d Dept 2005], quoting *Rudd v Cornell*, 171 NY 114, 128-129 [1902]; *see Peterson v Forkey*, 50 AD2d 774, 774-775 [1st Dept 1975]; *see also Matter of Timperio v Bronx-Lebanon Hosp*., 203 AD3d 179, 184 [3d Dept 2022]). "Though a prior verdict appears to be decisive of precise issues raised in a later action, it cannot, absent entry of judgment, act as a bar" (*Peterson v Forkey*, 50 AD2d at 775; *see Church v New York State Thruway Auth.*, 16 AD3d at

452422/2023   IN THE MATTER OF THE APPLICATION OF NEW YORK BLACK CAR OPERATORS' INJURY COMPENSATION FUND INC. A/K/A NEW YORK BLACK CAR FUND AS SUBROGEE OF CHRISTIAN CONTRERAS vs. CITY OF NEW YORK
Motion No.  001

Page 5 of 7

5 of 7

810 ["[w]hen no order or final judgment has been entered on a verdict or decision . . . collateral estoppel is inapplicable"]; *Wiederhorn v Karlan*, 267 App Div 163, 164 [1st Dept 1943]). Hence, even though, under appropriate circumstances, the doctrines of res judicata or collateral estoppel could bar the arbitration of a claim that has been litigated in court (*see Matter of Shapiro v Hayes*, 2016 NY Slip Op 30643[U], *7-8, 2016 NY Misc LEXIS 1348, *11-12 [Sup Ct, N.Y. County, Apr. 13, 2016]), since there has been no judgment entered in the pending Bronx County action, the possibility that an inconsistent judgment in that action might be entered sometime in the future provides no basis for rejecting the instant request to confirm the subject arbitration awards.

Consequently, the court concludes that NYBCOICF is entitled both to the confirmation of the awards and to the entry of a money judgment in the principal sum of $2,783.68. The money judgment must bear interest from the date of the arbitration awards, that is, on the sum of $216.67 from March 7, 2023, and on the sum of $2,567.01 from August 17, 2023 (*see* CPLR 5002; *Board of Educ. of Cent. School Dist. No. 1 of Towns of Niagara, Wheatfield, Lewiston & Cambria v Niagara-Wheatfield Teachers Assn*., 46 NY2d 553, 558 [1979]; *Dermigny v Harper*, 127 AD3d 685, 686 [2d Dept 2015]; *Matter of Levin & Glasser, P.C. v Kenmore Prop.,* LLC, 70 AD3d 443, 446 [1st Dept 2010]; *Matter of Gruberg v Cortell Group, Inc*., 143 AD2d 39, 39 [1st Dept 1988]).

Accordingly, it is

ADJUDGED that the petition is granted, without opposition, and the arbitration awards rendered in the matter entitled *Matter of New York Black Car Operators' Injury Compensation Fund, Inc., also known as New York Black Car Fund v City of New York,* Arbitration Forums, Inc., Docket Nos. I2301BBCCE8-C1-D1 and I2301BBCCE8-C1-D2, dated March 7, 2023, and August 17, 2023, respectively, be, and hereby are, confirmed; and it is further,

**452422/2023   IN THE MATTER OF THE APPLICATION OF NEW YORK BLACK CAR OPERATORS' INJURY COMPENSATION FUND INC. A/K/A NEW YORK BLACK CAR FUND AS SUBROGEE OF CHRISTIAN CONTRERAS vs. CITY OF NEW YORK**
**Motion No.  001**

**Page 6 of 7**

6 of 7

ORDERED that the Clerk of the court shall enter a money judgment in favor of Black Car Operators' Injury Compensation Fund, Inc., also known as New York Black Car Fund, and against the City of New York, in the principal sum of $2,783.68, plus statutory interest at 9% per annum on the sum of $216.67 from March 7, 2023, and statutory interest at 9% per annum on the sum of $2,567.01 from August 17, 2023.

This constitutes the Decision, Order, and Judgment of the court.

**7/1/2024**
**DATE**

**JOHN J. KELLEY, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | REFERENCE |

**452422/2023  IN THE MATTER OF THE APPLICATION OF NEW YORK BLACK CAR OPERATORS' INJURY COMPENSATION FUND INC. A/K/A NEW YORK BLACK CAR FUND AS SUBROGEE OF CHRISTIAN CONTRERAS vs. CITY OF NEW YORK**
**Motion No.  001**

Page 7 of 7

[* 7]