**Matter of New York Black Car Operators' Injury Compensation Fund, Inc. v City of New York**

2024 NY Slip Op 33233(U)

September 16, 2024

Supreme Court, New York County

Docket Number: Index No. 452937/2023

Judge: John J. Kelley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. JOHN J. KELLEY

*Justice*

----------------------------------------------------------------------------X

In the Matter of

NEW YORK BLACK CAR OPERATORS' INJURY
COMPENSATION FUND, INC., also known as NEW YORK
BLACK CAR FUND, as subrogee of HASSANUL BANNA,

Petitioner,

- v -

CITY OF NEW YORK,

Respondent.

----------------------------------------------------------------------------X

| | |
|---|---|
| PART | 56M |
| INDEX NO. | 452937/2023 |
| MOTION DATE | 07/12/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION, ORDER AND JUDGMENT**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12

were read on this motion to/for          CONFIRM/DISAPPROVE AWARD/REPORT          .

New York Black Car Operators' Injury Compensation Fund, Inc. (NYBCOICF), also known as New York Black Car Fund, petitions pursuant to CPLR 7510 to confirm an arbitration award dated June 27, 2023, made by an arbitrator acting under the auspices of Arbitration Forums, Inc. (AFI), and pursuant to CPLR 7514 to direct the entry of judgment thereon. The respondent, City of New York, does not oppose the petition. The petition is granted, the award rendered under AFI Docket No. I2301E81B90-C1-D1 is confirmed, and NYBCOICF is entitled to enter a money judgment against the City in the principal sum of $18,713.03, plus statutory interest on that sum from June 27, 2023.

NYBCOICF was the insurer of Honda taxicab owned by Hassanul Banna, and operated by Banna on behalf of a ride-share company that is a member of NYBCOICF. The City is the self-insurer of a 2014 Chevrolet sedan that it had designated for use by the New York City Police Department (NYPD). On March 20, 2021, at 7:45 p.m., NYPD Police Officer Jarren G.

**452937/2023   IN THE MATTER OF THE APPLICATION OF NEW YORK BLACK CAR
OPERATORS' INJURY COMPENSATION FUND INC. A/K/A NEW YORK BLACK CAR FUND AS
SUBROGEE OF HASSANUL BANNA vs. CITY OF NEW YORK
Motion No.  001**

**Page 1 of 6**

1 of 6

[* 1]

Smalls was operating the NYPD vehicle eastbound "against [a] traffic device" on East 194th Street in the Bronx, and approached that street's intersection with Bainbridge Avenue, with his emergency lights activated, in an attempt to make a traffic stop of another vehicle. Banna was operating his vehicle northbound on Bainbridge Avenue, when his vehicle was struck by the NYPD vehicle in the intersection of East 194th Street and Bainbridge Avenue.

Banna, who alleged that he was injured in the collision, thereafter made a claim upon his insurer, NYBCOICF, for Workers' Compensation benefits in lieu of first-party no-fault benefits, including claims for medical expenses and lost wages (*see A.I. Transp. v New York State Ins. Fund*, 301 AD2d 380, 380 [1st Dept 2003]; *Arvatz v Empire Mut. Ins. Co.,* 171 AD2d 262, 268 [1st Dept 1991]; Insurance Law §§ 5102[a], [b]; 5103 [a]; Workers' Compensation Law § 2[3]). As relevant here, NYBCOICF paid claims to Banna or on Banna's behalf for continuing losses that he sustained, subsequent to an initial arbitration award on the issue of liability and the apportionment of fault, in the sums of $39,065.06 in medical expenses, and $7,716.82 in lost wages, for a total of $46,781.88.

Inasmuch as the vehicle that NYBCOICF had insured was a "motor vehicle used principally for the transportation of persons or property for hire" and allegedly was a "motor vehicle weighing more than six thousand five hundred pounds unloaded" (Insurance Law § 5105[a]), NYBCOICF was entitled to seek a personal injury protection (PIP) or Workers' Compensation "loss transfer" from the City to reimburse it for the benefits that it had paid out to Banna or on his behalf (*see A.I. Transp. v New York State Ins. Fund*, 301 AD2d at 380). To obtain this loss transfer, NYBCOICF was required to establish that Smalls, as the operator of the NYPD vehicle, had been completely or partially at fault in the happening of the accident. Insurance Law § 5105(b) provides that, where an insurer seeks to recover first-party benefits/PIP or Workers' Compensation loss transfer from the "insurer of any other covered person" on the ground that the other covered person was at fault in the happening of the

accident, "[t]he sole remedy . . . shall be the submission of the controversy to mandatory arbitration pursuant to procedures promulgated or approved by the superintendent" of the New York State Department of Financial Services. Pursuant to those regulations, AFI has been designated as the exclusive forum for resolution of no-fault related arbitration matters (*see* 11 NYCRR 65-4.11[b][1]).

After a hearing, the arbitrator in a prior AFI arbitration proceeding between NYBCOICF and the City found, under Docket No. I068-01167-22-00, that the dispute qualified for PIP loss-transfer arbitration, and that Smalls had been 40% at fault in the happening of the accident. On April 21, 2023, NYBCOICF demanded inter-insurer arbitration with the City before AFI with respect to Banna's subsequent $39,065.06 in medical expenses, and $7,716.82 in lost wages, and thus filed a new PIP loss-transfer arbitration claim with AFI for continuing losses. The arbitrator, concluding that the doctrine of res judicata obligated her to apply the 40% apportionment of fault to Smalls, found that the amounts of both the claim for medical expenses and that for lost wages that NYBCOICF had paid Banna, and which had been sought in the arbitration, had been proven. Hence, the arbitrator concluded that City was obligated to pay NYBCOICF the total sum of $18,713.03, or 40% of $46,781.88, in first-party benefits for Banna's basic economic loss. On November 8, 2023, NYBCOICF commenced this proceeding to confirm the award.

Pursuant to CPLR 7510, the court "shall confirm an [arbitration] award upon application of a party made within one year after its delivery to him [or her] unless the award is vacated or modified upon a ground specified in section 7511." Thus, the award may only be vacated if the court finds that the rights of a party were prejudiced by:

> "(i) corruption, fraud or misconduct in procuring the award; or (ii) partiality of an arbitrator appointed as a neutral, except where the award was by confession; or (iii) an arbitrator, or agency or person making the award exceeded his power or so imperfectly executed it that a final and definite award upon the subject matter submitted was not made; or (iv) failure to follow the procedure of this article,

452937/2023   IN THE MATTER OF THE APPLICATION OF NEW YORK BLACK CAR          Page 3 of 6
OPERATORS' INJURY COMPENSATION FUND INC. A/K/A NEW YORK BLACK CAR FUND AS
SUBROGEE OF HASSANUL BANNA vs. CITY OF NEW YORK
Motion No.  001

3 of 6

unless the party applying to vacate the award continued with the arbitration with notice of the defect and without objection"

(CPLR 7511[b][1]). The grounds specified in CPLR 7511 for vacatur of an arbitration award are exclusive (*see Bernstein Family Ltd. Partnership v Sovereign Partners, L.P.*, 66 AD3d 1, 8 [1st Dept 2009]), and it is a "well-established rule that an arbitrator's rulings, unlike a trial court's, are largely unreviewable" (*Matter of Falzone v New York Cent. Mut. Fire Ins. Co.*, 15 NY3d 530, 534 [2013]). Nonetheless, where the award is one, such as the one here, that is rendered after compulsory arbitration, i.e., an arbitration mandated by statute, the court must give "closer judicial scrutiny of the arbitrator's determination under CPLR 7511(b)" than would be warranted in reviewing an award made after a consensual arbitration (*Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co.,* 89 NY2d 214, 223 [1996]; s*ee Matter of Fiduciary Ins. Co. v American Bankers Ins. Co. of Fla.*, 132 AD3d 40, 46 [2d Dept 2015] [with respect to determinations of law, the applicable standard in mandatory no-fault arbitrations is whether any reasonable hypothesis can be found to support the questioned interpretation]; *Matter of Lackow v Department of Educ. (or "Board") of City of N.Y*, 51 AD3d 563, 567 [1st Dept 2008]; *Matter of Curley v State Farm Ins. Co.*, 269 AD2d 240, 242 [1st Dept 2000]; *Matter of Travelers Ins. Co. v Job,* 239 AD2d 289, 291 [1st Dept 1997]). "To be upheld, an award in a compulsory arbitration proceeding must have evidentiary support and cannot be arbitrary and capricious" (*Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co*., 89 NY2d at 223 [citations omitted]; *see Matter of Santer v Board of Educ. of E. Meadow Union Free Sch. Dist*., 23 NY3d 251, 261 [2014]; *Matter of Travelers Ins. Co. v Job,* 239 AD2d at 291).

The instant proceeding to confirm the arbitration award was timely commenced on November 8, 2023 (*see* CPLR 304[a]). NYBCOICF contends that the award was proper in all respects, and that no grounds exist for modification or vacatur. The court agrees with the arbitrator that the doctrine of res judicata is applicable to arbitration awards and proceedings, including those rendered in disputes over no-fault benefits, and will bar relitigation of the same

**452937/2023   IN THE MATTER OF THE APPLICATION OF NEW YORK BLACK CAR**
**OPERATORS' INJURY COMPENSATION FUND INC. A/K/A NEW YORK BLACK CAR FUND AS**
**SUBROGEE OF HASSANUL BANNA vs. CITY OF NEW YORK**
**Motion No.  001**

Page 4 of 6

4 of 6

claim or issue (*see Matter of Motor Veh. Acc. Indemn. Corp. v Travelers Ins. Co.,* 246 AD2d 420, 421 [1st Dept 1998] ["res judicata will bar a second arbitration proceeding between the same parties on the same issues"]; *cf. Matter of Ranni [Ross]*, 58 NY2d 715, 717 [1982] [final arbitration award bars relitigation of same issue in court]; *Matter of American Ins. Co. [Messinger–Aetna Cas. & Sur. Co.]*, 43 NY2d 184, 189-190 [1977] [same]; *Monroe v Providence Washington Ins. Co.*, 126 AD2d 929 [3d Dept 1987] [same]).  Hence, the arbitrator appropriately applied the prior arbitrator's apportionment of fault to the claims to recover medical expenses and lost wages.

The court also agrees with NYBCOICF, and concludes that the amount of the award was rational and not arbitrary and capricious.  Hence, the court further concludes that NYBCOICF is entitled both to the confirmation of the award and to the entry of a money judgment in the principal sum of $18,713.03.  The money judgment must bear interest from the date of the arbitration award, that is, from June 27, 2023 (*see* CPLR 5002; *Board of Educ. of Cent. School Dist. No. 1 of Towns of Niagara, Wheatfield, Lewiston & Cambria v Niagara-Wheatfield Teachers Assn.*, 46 NY2d 553, 558 [1979]; *Dermigny v Harper*, 127 AD3d 685, 686 [2d Dept 2015]; *Matter of Levin & Glasser, P.C. v Kenmore Prop.,* LLC, 70 AD3d 443, 446 [1st Dept 2010]; *Matter of Gruberg v Cortell Group, Inc*., 143 AD2d 39, 39 [1st Dept 1988]).

Accordingly, it is,

ADJUDGED that the petition is granted, without opposition, and the arbitration award rendered in the arbitration proceeding entitled *Matter of New York Black Car Operators' Injury Compensation Fund, Inc., also known as New York Black Car Fund v City of New York,* Arbitration Forums, Inc., Docket No. I2301E81B90-C1-D1, dated June 27, 2023, be, and hereby is, confirmed; and it is further,

ORDERED that the Clerk of the court shall enter a money judgment in favor of Black Car Operators' Injury Compensation Fund, Inc., also known as New York Black Car Fund, and

452937/2023   IN THE MATTER OF THE APPLICATION OF NEW YORK BLACK CAR OPERATORS' INJURY COMPENSATION FUND INC. A/K/A NEW YORK BLACK CAR FUND AS SUBROGEE OF HASSANUL BANNA vs. CITY OF NEW YORK
Motion No.  001

Page 5 of 6

5 of 6

against the City of New York, in the principal sum of $18,713.03, plus statutory interest at 9% per annum from June 27, 2023.

    This constitutes the Decision, Order, and Judgment of the court.

<table>
<tr><td>__9/16/2024__<br>DATE</td><td></td><td>_____<br>JOHN J. KELLEY, J.S.C.</td></tr>
</table>

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**452937/2023   IN THE MATTER OF THE APPLICATION OF NEW YORK BLACK CAR OPERATORS' INJURY COMPENSATION FUND INC. A/K/A NEW YORK BLACK CAR FUND AS SUBROGEE OF HASSANUL BANNA vs. CITY OF NEW YORK**
**Motion No.  001**

                                           Page 6 of 6

[* 6]