## Matter of Allstate Ins. Co. v City of New York

2024 NY Slip Op 33280(U)

September 16, 2024

Supreme Court, New York County

Docket Number: Index No. 655388/2023

Judge: John J. Kelley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. JOHN J. KELLEY

*Justice*

PART     56M

-------------------------------------------------------------------------------X

In the Matter of

ALLSTATE INSURANCE COMPANY,

Petitioner,

- v -

CITY OF NEW YORK,

Respondent.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 655388/2023 |
| MOTION DATE | 07/12/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION, ORDER, and JUDGMENT**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1, 2, 3, 4, 5, 6, 7 were read on this motion to/for     CONFIRM/DISAPPROVE AWARD/REPORT     .

Allstate Insurance Company (Allstate) petitions pursuant to CPLR 7510 to confirm an arbitration award dated February 15, 2023, made by an arbitrator acting under the auspices of Arbitration Forums, Inc. (AFI), and pursuant to CPLR 7514 to direct the entry of a money judgment thereon.  The respondent, City of New York, does not oppose the petition.  The petition is granted, the award rendered under AFI Docket No. I068-11153-22-00 is confirmed, and Allstate is entitled to enter a money judgment against the City in the principal sum of $10,271.84, plus statutory interest from February 15, 2023.

Allstate was the insurer of a motor vehicle owned by Alicia Jones and operated by Simeon Smith.  The City was the self-insurer and owner of a fire truck allocated for use by the New York City Fire Department (FDNY).   July 3, 2022, Smith was operating Jones's vehicle southbound on 224th Street in the Laurelton section of Queens County, and had a green light as he approached that street's intersection with Merrick Boulevard, when the operator of the FDNY truck, who was travelling eastbound of Merrick Boulevard, failed to stop for a red light controlling traffic in his direction, causing the FDNY truck and Jones's vehicle to collide.  Smith

655388/2023   ALLSTATE INSURANCE COMPANY vs. CITY OF NEW YORK
Motion No.  001

Page 1 of 4

[* 1]

made claim upon Allstate, as the insurer of Jones's vehicle, for the injuries that he sustained in the accident. Allstate paid medical claims totaling $10,271.84 either to Smith or on his behalf.

Inasmuch as the City's vehicle was a "motor vehicle weighing more than six thousand five hundred pounds unloaded" (Insurance Law § 5105[a]) (*id*.), Allstate was entitled to seek a personal injury protection (PIP) "loss transfer" from the City to reimburse it for the benefits that it had paid out to and on behalf of Smith. To obtain this loss transfer, Allstate was required to establish that the operator of the City truck was at fault in the happening of the accident in whole or in part. Insurance Law § 5105(b) provides that, where an insurer seeks to recover first-party benefits/PIP loss transfer from the "insurer of any other covered person" on the ground that the other covered person was at fault in the happening of the accident, "[t]he sole remedy . . .shall be the submission of the controversy to mandatory arbitration pursuant to procedures promulgated or approved by the superintendent" of the New York State Department of Financial Services. Pursuant to those regulations, AFI has been designated as the exclusive forum for resolution of no-fault related, loss-transfer arbitration matters (*see* 11 NYCRR 65-4.11[b][1]).

On November 23, 2022, Allstate thus demanded inter-insurer arbitration with the City before AFI. In the February 15, 2023 arbitration award, at which the City declined to appear, an arbitrator acting under the auspices of AFI found Smith's description of the accident to be credible, found in favor of Allstate, and concluded that the operator of the FDNY truck was 100% at fault in the happening of the subject accident, inasmuch as he was negligent in failing to comply with a traffic control device, thus causing the collision. She further determined that the amount of medical benefits that Allstate paid to Smith or on Smith's behalf had been proven and, thus, concluded that the City was obligated to pay Allstate the sum of $10,271.84.

Pursuant to CPLR 7510, the court "shall confirm an [arbitration] award upon application of a party made within one year after its delivery to him [or her] unless the award is vacated or modified upon a ground specified in section 7511." Thus, the award may only be vacated if the court finds that the rights of a party were prejudiced by:

**655388/2023   ALLSTATE INSURANCE COMPANY vs. CITY OF NEW YORK**
**Motion No.  001**

Page 2 of 4

"(i) corruption, fraud or misconduct in procuring the award; or (ii) partiality of an arbitrator appointed as a neutral, except where the award was by confession; or (iii) an arbitrator, or agency or person making the award exceeded his power or so imperfectly executed it that a final and definite award upon the subject matter submitted was not made; or (iv) failure to follow the procedure of this article, unless the party applying to vacate the award continued with the arbitration with notice of the defect and without objection"

(CPLR 7511[b][1]). The grounds specified in CPLR 7511 for vacatur of an arbitration award are exclusive (*see Bernstein Family Ltd. Partnership v Sovereign Partners, L.P.*, 66 AD3d 1, 8 [1st Dept 2009]), and it is a "well-established rule that an arbitrator's rulings, unlike a trial court's, are largely unreviewable" (*Matter of Falzone v New York Cent. Mut. Fire Ins. Co.*, 15 NY3d 530, 534 [2013]). Nonetheless, where the award is one, such as the one here, that is rendered after compulsory arbitration, i.e., an arbitration mandated by statute, the court must give "closer judicial scrutiny of the arbitrator's determination under CPLR 7511(b)" than would be warranted in reviewing an award made after a consensual arbitration (*Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co.,* 89 NY2d 214, 223 [1996]; s*ee Matter of Fiduciary Ins. Co. v American Bankers Ins. Co. of Fla.*, 132 AD3d 40, 46 [2d Dept 2015] [with respect to determinations of law, the applicable standard in mandatory no-fault arbitrations is whether any reasonable hypothesis can be found to support the questioned interpretation]; *Matter of Lackow v Department of Educ. (or "Board") of City of N.Y*, 51 AD3d 563, 567 [1st Dept 2008]; *Matter of Curley v State Farm Ins. Co.*, 269 AD2d 240, 242 [1st Dept 2000]; *Matter of Travelers Ins. Co. v Job,* 239 AD2d 289, 291 [1st Dept 1997]). "To be upheld, an award in a compulsory arbitration proceeding must have evidentiary support and cannot be arbitrary and capricious" (*Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d at 223 [citations omitted]; *see Matter of Santer v Board of Educ. of E. Meadow Union Free Sch. Dist*., 23 NY3d 251, 261 [2014]; *Matter of Travelers Ins. Co. v Job,* 239 AD2d at 291).

The instant proceeding to confirm the arbitration award was timely commenced on October 31, 2023 (*see* CPLR 304[a]). Allstate contends that the award was proper in all respects, and that no grounds exist for modification or vacatur. The court agrees with Allstate,

**655388/2023   ALLSTATE INSURANCE COMPANY vs. CITY OF NEW YORK**
**Motion No.  001**

**Page 3 of 4**

[* 3]

and concludes that the award was rational. Hence, the court further concludes that Allstate is entitled both to the confirmation of the award and to the entry of a money judgment in the principal sum of $10,271.84. The money judgment must bear interest from the date of the arbitration award, that is, from February 15, 2023 (*see* CPLR 5002; *Board of Educ. of Cent. School Dist. No. 1 of Towns of Niagara, Wheatfield, Lewiston & Cambria v Niagara-Wheatfield Teachers Assn*., 46 NY2d 553, 558 [1979]; *Dermigny v Harper*, 127 AD3d 685, 686 [2d Dept 2015]; *Matter of Levin & Glasser, P.C. v Kenmore Prop.,* LLC, 70 AD3d 443, 446 [1st Dept 2010]; *Matter of Gruberg v Cortell Group, Inc*., 143 AD2d 39, 39 [1st Dept 1988]).

Accordingly, it is,

ADJUDGED that the petition is granted, without opposition, and the arbitration award rendered in the arbitration proceeding entitled *Matter of Allstate Ins. Co. v City of New York,* Arbitration Forums, Inc., Docket Number I068-11153-22-00, dated February 15, 2023, be, and hereby is, confirmed; and it is further,

ORDERED that the Clerk of the court shall enter a money judgment in favor of Allstate Insurance Company and against the City of New York in the principal sum of $10,271.84, with statutory interest at 9% per annum from February 15, 2023.

This constitutes the Decision, Order, and Judgment of the court.

| 9/16/2024 | |
| --- | --- |
| DATE | JOHN J. KELLEY, J.S.C. |

| CHECK ONE: | X | CASE DISPOSED | | | | NON-FINAL DISPOSITION | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

655388/2023   ALLSTATE INSURANCE COMPANY vs. CITY OF NEW YORK
Motion No.  001

Page 4 of 4

4 of 4